JOHN ROBERTSON v. MATTHEW GIBB.

*Partnership Accounting.*

Upon a bill for an accounting it appeared that no loss had occurred in the business, but that defendant had kept no such books as would enable full accounts to be stated. *Held* proper to require defendant to account for all the money put into the business by complainant.

An accounting will not be disturbed because of erroneous allowances against the appellant when errors of equal magnitude are discovered in his favor.

Appeal from Bay. Submitted January 10 and 11. Decided January 15.

BILL FOR PARTNERSHIP ACCOUNTING. Defendant appealed.

*McDonell & Mann* for complainant and appellee.

*J. W. McMath* for defendant and appellant.

COOLEY, J. This is a bill for an account of partnership transactions. The defendant is the son-in-law of complainant and had the charge of the business and of keeping the accounts. The circuit judge who heard the case found it impossible to state full accounts for the reason that the defendant never kept such books as would enable the facts to be shown. He was satisfied from the evidence that there was no loss in the business, and that it would be entirely just to the defendant to require him to account for all the money put into the business by complainant. In these conclusions we entirely agree.

Stating an account on this basis, the judge found $1,642.12 due complainant. Several exceptions were taken to allowances and disallowances, which we shall notice.

Complainant was allowed $100 advanced Miller. This was probably an inadvertence: it should have been $75 only, as is now admitted. A charge by defendant of

$340, paid by him for complainant to one Harrington, was disallowed. The reason for this was, that the payment was the balance due on a lot of land which complainant was giving to defendant's wife. We are inclined to think that however ungracious this charge may have been, defendant had the right to make it; and that the reasonable deduction from the evidence is that the sum was a loan to complainant.

Defendant charged complainant $500 for the board of himself and wife for a period while the two families lived together. The circuit judge allowed $260, which we think a very large allowance. He also charged $596 as paid by him on some debts owing by complainant when they went into partnership. Of this the judge allowed $300. We find only $96 proved; as to the rest the testimony is too vague for any reasonable inference in defendant's favor. The burden to make out these payments was upon him, and in some cases we are satisfied he did not pay what he charges.

Defendant also charged complainant $550 which complainant's wife had loaned complainant through defendant. This was rightly disallowed. The loan has not been repaid and it does not appear that defendant is responsible for it. Complainant's wife is entitled to look to complainant for it, and it is to be presumed she will do so.

These are all the items which we think require special mention, and on these an error of $161 against defendant would seem to have been committed. But it appears that in the footings of the judge an error of $100 in his favor occurred, and we think the allowance in his favor for board might well have been reduced to balance the remaining $61. On the whole we think the circuit judge has taken great pains to state an equitable account between these parties, and that defendant has no reason to complain of his conclusions.

The decree must be affirmed with costs.

The other Justices concurred.