VAN NAME v. VAN NAME et al.

(Supreme Court, Appellate Division, Second Department.   March 7, 1899.)

1. PARTNERSHIP ACCOUNTING—EVIDENCE.
   A partnership accounting may be had, though the partner whose duty
   it is to keep the books has neglected for a time to do so; the proof de-
   rived from the books as kept being supplemented by such other compe-
   tent evidence as the parties can afford.

2. SAME—DIVISION OF PROFITS.
   It being presumed that partners are equally interested in the partner-
   ship property and profits, it cannot be held that they had agreed to an
   unequal division of the earnings, merely because they carried on business
   for many years without an accounting with one another in reference to
   the business.

3. SAME—SCHEDULES.
   A schedule prepared by an accountant containing an abstract of volu-
   minous books in evidence in a partnership accounting, and verified by him,
   the assistance of which will render the documentary proof more read-
   ily comprehensible, may be considered.

Appeal from judgment on report of referee.

Action by Jacob Van Name against William H. Van Name and
Peter Van Name, administrator of Peter Van Name, deceased, for a
partnership accounting.   From a judgment in favor of plaintiff and
defendant Peter Van Name, administrator, and from an order deny-
ing motion of defendant William H. Van Name to set aside the ref-
eree's report, and vacate, set aside, or modify the judgment, said
William H. Van Name appeals.   Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT,
HATCH, and WOODWARD, JJ.

Charles M. Earle, for appellant.

Calvin D. Van Name (George Freifeld and Mortimer S. Brown, on
the brief), for respondents.

WILLARD BARTLETT, J.   This is an action for a partnership
accounting of the affairs of the firm of Van Name Bros., which for
many years carried on the business of raising oysters in Virginia and
Connecticut, and selling them in the city of New York.   There were
three members of the firm,—Jacob Van Name, who is the plaintiff
in this action; William H. Van Name, one of the defendants and the
appellant herein; and Peter Van Name, Sr., who is represented in
the present suit by his son Peter Van Name, Jr., as administrator
with the will annexed.   Peter Van Name, Sr., attended to the busi-
ness of planting, growing, and gathering oysters in Virginia.   Jacob
Van Name devoted his time chiefly to the care of the firm's vessels
engaged in the oyster trade, and to the planting and gathering of
oysters in Princes Bay, at Staten Island.   William H. Van Name
had charge of the financial part of the business of the firm, keeping
his office on a scow at the foot of West Tenth street, and for a time
at the foot of West Fourteenth street, on the North river, in the
city of New York.   William H. Van Name, either personally or
through the agency of his nephew Peter Van Name, Jr., kept the

bank books of the firm, deposited its moneys in bank, drew the checks, and kept such accounts of the business as were kept. The firm was dissolved by the death of Peter Van Name, Sr., in October, 1893; but the business appears to have been continued by his son, acting in his behalf, until April 30, 1894. Thereafter Jacob Van Name brought this suit against his surviving brother and his nephew, as administrator of his deceased brother, praying that an account should be taken of all the co-partnership dealings, the property sold, the surplus, if any, divided, and that he should recover any balance that might appear to be due to him on such accounting. Answers were interposed by both defendants, and, upon the consent of all parties, the case was referred to a referee to hear and determine all the issues therein. Upon his report, judgment was entered appointing a receiver of the property of the firm; declaring that the defendant William H. Van Name had drawn out of the funds of the co-partnership, and used personally in excess of his just share, the sum of $18,801.30; and adjudging that the receiver recover of said defendant that amount. From this judgment the present appeal is taken. There is also an appeal from an order of the special term denying a motion to set aside the referee's report, and vacate or modify the judgment. The case on appeal is voluminous and complicated, and counsel could have rendered much greater assistance to the court by arguing the appeal orally, instead of submitting it upon printed briefs.

The first point made in behalf of the appellant is that the action must fail because no account was taken of all the partnership transactions from the beginning, and because there was no possibility in the case of making and stating the partnership account.

Counsel cites 17 Am. & Eng. Enc. Law (1st Ed.) p. 1291, in support of the proposition that:

"In a suit for a partnership accounting, where there are issues as to the state of the firm's affairs and business, or state of the accounts between the partners, the burden of proof is on the plaintiff; and, if he cannot furnish sufficient evidence to enable the court to state a partnership account, his suit necessarily fails to that extent."

It is quite true that in the present case the materials from which to make up a full and complete account of the affairs of Van Name Bros. were not as abundant as could be wished. The appellant, in managing the finances of the partnership, had not kept books covering the whole period; or, if he had kept such books, they were not obtainable by the plaintiff for use upon the trial. The referee finds, however, that all accounts, checks, stubs, vouchers, paid bills, and papers of the firm that could be found were produced before him. Among these were cashbooks which were put in evidence as 17 exhibits. From the entries in these cashbooks, an expert accountant made up a schedule showing the items of cash paid to the three partners, respectively, during the periods which the books covered. There were also put in evidence checks drawn for the personal use of each of the respective partners. Taking the accountant's statement made up from the cashbooks and these checks together, it appeared that William H. Van Name had drawn out of the firm funds $41,-

054.38; Jacob Van Name, $12,809.52; and Peter Van Name, Sr., $11,392.56. In the nineteenth numbered paragraph of the referee's decision, he states that he has examined into all the transactions and accounts of the firm, and has adjusted a mutual account between the parties to the action, making all just allowances from either party to the other, and that the determination is set forth in the next paragraph, numbered 10. In the twentieth paragraph we have a finding that William H. Van Name has withdrawn from the firm, for his personal use, the sum of $18,801.30, in excess of his just share, and that this should forthwith be paid by him to the receiver to be appointed in the action. It is a fair criticism upon this paragraph that it does not contain any statement of the partnership account; and, indeed, no such account is stated as a whole in any part of the referee's report. When, however, we examine all the findings, it is not very difficult to ascertain what was the account upon which the referee based the charge of $18,801.30 against William H. Van Name. In the thirteenth numbered paragraph of the report the referee expressly finds that all the charges from the cashbooks which appear in the statement of the expert accountant already referred to are true as itemized therein. To these charges, as has already been indicated, he added, in the case of each member of the firm, such checks as were proved to have been drawn for that partner's individual use; and in this way he ascertained their respective rights and liabilities.

Of course, it would have been very desirable to have a more complete inquiry into the affairs of the firm, resulting in a much fuller account. The plaintiff, however, with the assistance of the defendant Peter Van Name, Jr., appears to have laid before the court all the evidence which it was in his power to obtain. If this is scanty, the responsibility must rest with the appellant, whose peculiar function it was to keep the accounts of the firm business, while his brothers were engaged in the more active and laborious work of the partnership. Where some of the books of a firm have been lost or destroyed, it does not follow that no accounting can be taken of the partnership affairs. The existing books may be used, and the proof derived from them may be supplemented by such other competent evidence as the parties can offer. See Robertson v. Gibb, 38 Mich. 165; White v. Magann, 65 Wis. 86, 26 N. W. 260. A similar rule must apply where the partner whose duty it is to keep the firm books has neglected for a time to perform that duty.

The second proposition stated in the brief for the appellant is that the acts of the partners create a conclusive presumption of a settlement and mutual accord, which will not be disturbed. It is argued that the members of this firm "went on in their simple way for years, entirely satisfied to keep no regular books, have no account of stock, no trial balances, no balance sheet drawn off, showing how either the firm or its members stood, but each doing all he could, and drawing out for himself what he chose, and often paying taxes and other bills jointly, without any consideration of whether one was getting more than the other or not." Assuming this to be a correct statement of what was done, it by no means follows that the members of the firm intended when the business should be wound up that no

account should be taken of the fact whether one partner had received more than his share of the earnings or not. There being no express agreement as to the shares of the respective partners, the law implied that they were equally interested in the partnership property and profits. Gould v. Gould, 6 Wend. 263, 267; Ryder v. Gilbert, 16 Hun, 163, 168. In view of this presumption, it cannot be held that they had agreed to an unequal division of the earnings, merely because they went on doing business for many years without having any accounting with one another in reference to the business.

The third of the appellant's points relates to a number of exceptions to rulings, which are alleged to constitute reversible error. The only one of these which it seems necessary to discuss is the exception to the admission of the schedule, which has already been mentioned as having been prepared by the expert accountant from the cashbook. The title to this schedule declares it to be a statement of items drawn, not only from the cashbooks of the firm of Van Name Bros., but also from their checkbook stubs. These checkbook stubs had not been admitted in evidence, and, so far as the statement was based upon such stubs, it was not admissible. It appears, however, from the schedule itself, that the items drawn from the checkbook stubs are stated separately at the end of the schedule. It also appears from the referee's report that he ignored these items in making up his account, and ascertaining the liability of the appellant. The schedule, therefore, was admissible for all the purposes for which it was considered by the referee. The cashbooks from which it was made up had all been offered in evidence, and were before the court; and it is perfectly well settled at this late day that resort may be had to schedules containing abstracts of voluminous books or documents which have been put in evidence, where those schedules are verified by the witness who made them, and their assistance will render the original documentary proofs more readily comprehensible by judge, jury, or referee. Railroad Co. v. Dana, 1 Gray, 83, 104; Jordon v. Osgood, 109 Mass. 457, 464; Von Sachs v. Kretz, 72 N. Y. 548.

A careful consideration of the facts of the case, as disclosed by the record, affords no reason to believe that the appellant has been unjustly dealt with in the result reached by the referee. In my opinion, therefore, we should affirm the judgment and order appealed from.

Judgment affirmed, with costs. All concur.