Jacob Van Name, Respondent, *v.* William H. Van Name, Appellant, Impleaded with Peter Van Name, as Administrator, etc., with the Will Annexed of Peter Van Name, Deceased, Respondent.

*Partnership accounting — the right thereto is not lost because all the books of account cannot be produced — consent to an unequal division of profits not presumed — admissibility of a schedule prepared by an expert accountant from the books.*

The right of a partner to an accounting of the partnership transactions is not lost, because the partner whose duty it was to keep the firm books failed to keep books covering the whole period of the partnership, or because such books are not obtainable upon the trial; in such a case the existing books may be used, and the proof derived from them may be supplemented by such other competent evidence as the parties can offer.

In view of the fact that, in the absence of an express agreement as to the shares of the respective partners, the law implies that they are equally interested in the partnership property and profits, it cannot be presumed that, because the partners continued to do business for many years without having an accounting, they intended that, when the business should be wound up, no account should be taken of the fact as to whether or not one partner had received more than his share of the earnings.

Upon the trial of an action for an accounting, a schedule, prepared by an expert accountant, containing abstracts from the cash books of the copartnership which have been put in evidence, is admissible, where it is verified by the person who made it.

APPEAL by the defendant, William H. Van Name, from a judgment of the Supreme Court in favor of the plaintiff and of the defendant, Peter Van Name, as administrator, etc., with the will annexed of Peter Van Name, deceased, entered in the office of the clerk of the county of Richmond on the 9th day of March, 1896, upon the report of a referee, and also from an order made at the Kings County Special Term and entered in the office of the clerk of the county of Richmond on the 3d day of April, 1896, denying the said defendant's motion to set aside the referee's report and to vacate, set aside or modify the judgment entered thereon.

*Charles M. Earle,* for the appellant.

*Calvin B. Van Name* [*George Freifeld* and *Mortimer S. Brown* with him on the brief], for the respondents.

WILLARD BARTLETT, J.:

This is an action for a partnership accounting of the affairs of the firm of Van Name Brothers, which, for many years, carried on the business of raising oysters in Virginia and Connecticut, and selling them in the city of New York. There were three members of the firm, Jacob Van Name, who is the plaintiff in this action; William H. Van Name, one of the defendants and the appellant herein, and Peter Van Name, Sr., who is represented in the present suit by his son, Peter Van Name, Jr., as administrator with the will annexed. Peter Van Name, Sr., attended to the business of planting, growing and gathering oysters in Virginia. Jacob Van Name devoted his time chiefly to the care of the firm's vessels engaged in the oyster trade, and to the planting and gathering of oysters in Prince's Bay at Staten Island. William H. Van Name had charge of the financial part of the business of the firm, keeping his office on a scow at the foot of West Tenth street, and for a time at the foot of West Fourteenth street on the North river, in the city of New York. William H. Van Name, either personally or through the agency of his nephew, Peter Van Name, Jr., kept the bank books of the firm,

deposited its money in bank, drew the checks and kept such accounts of the business as were kept. The firm was dissolved by the death of Peter Van Name, Sr., in October, 1893, but the business appears to have been continued by his son, acting in his behalf, until April 30, 1894. Thereafter Jacob Van Name brought this suit against his surviving brother and his nephew, as administrator of his deceased brother, praying that an account should be taken of all the copartnership dealings, the property sold, the surplus, if any, divided, and that he should recover any balance that might appear to be due to him on such accounting. Answers were interposed by both defendants, and upon the consent of all parties the case was referred to a referee to hear and determine all the issues therein. Upon his report judgment was entered appointing a receiver of the property of the firm, declaring that the defendant William H. Van Name had drawn out of the funds of the copartnership, and used personally in excess of his just share, the sum of $18,801.30, and adjudging that the receiver recover of said defendant that amount. From this judgment the present appeal is taken. There is also an appeal from an order of the Special Term denying a motion to set aside the referee's report and vacate or modify the judgment.

The case on appeal is voluminous and complicated, and counsel could have rendered much greater assistance to the court by arguing the appeal orally instead of submitting it upon printed briefs.

The first point made in behalf of the appellant is that the action must fail because no account was taken of all the partnership transactions from the beginning, and because there was no possibility in the case of making and stating the partnership account. Counsel cites the American and English Encyclopædia of Law in support of the proposition that "in a suit for a partnership accounting where there are issues as to the state of the firm's affairs and business, or state of the accounts between the partners, the burden of proof is on the plaintiff, and if he cannot furnish sufficient evidence to enable the court to state a partnership account his suit necessarily fails to that extent." (Vol. 17, p. 1291.) It is quite true that in the present case the materials from which to make up a full and complete account of the affairs of Van Name Brothers were not as abundant as could be wished. The appellant in managing the finances of the partnership had not kept books covering the whole

period, or if he had kept such books they were not obtainable by the plaintiff for use upon the trial. The referee finds, however, that all accounts, checks, stubs, vouchers, paid bills and papers of the firm that could be found were produced before him. Among these were cash books, which were put in evidence as seventeen exhibits. From the entries in these cash books, an expert accountant made up a schedule showing the items of cash paid to the three partners respectively during the periods which the books covered. There were also put in evidence checks drawn for the personal use of each of the respective partners. Taking the accountant's statement, made up from the cash books, and these checks together, it appeared that William H. Van Name had drawn out of the firm funds $41,054.38; Jacob Van Name, $12,809.52, and Peter Van Name, Sr., $11,392.56. In the 19th numbered paragraph of the referee's decision, he states that he has examined into all the transactions and accounts of the firm, and has adjusted a mutual account between the parties to the action, making all just allowances from either party to the other, and that the determination is set forth in the next paragraph numbered 20. In the 20th paragraph, we have a finding that William H. Van Name has withdrawn from the firm for his personal use the sum of $18,801.30 in excess of his just share, and that this should forthwith be paid by him to the receiver (to be appointed in the action. It is a fair criticism upon this paragraph that it does not contain any statement of the partnership account; and, indeed, no such account is stated as a whole in any part of the referee's report. When, however, we examine all the findings, it is not very difficult to ascertain what was the account upon which the referee based the charge of $18,801.30 against William H. Van Name. In the 13th numbered paragraph of the report, the referee expressly finds that all the charges from the cash books which appear in the statement of the expert accountant already referred to are true as itemized therein. To these charges, as has already been indicated, he added in the case of each member of the firm such checks as were proved to have been drawn for that partner's individual use, and in this way he ascertained their respective rights and liabilities.

Of course, it would have been very desirable to have a more complete inquiry into the affairs of the firm, resulting in a much fuller

account. The plaintiff, however, with the assistance of the defendant, Peter Van Name, Jr., appears to have laid before the court all the evidence which it was in his power to obtain. If this is scanty, the responsibility must rest with the appellant, whose peculiar function it was to keep the accounts of the firm business, while his brothers were engaged in the more active and laborious work of the partnership. Where some of the books of a firm have been lost or destroyed, it does not follow that no accounting can be taken of the partnership affairs. The existing books may be used, and the proof derived from them may be supplemented by such other competent evidence as the parties can offer. (See *Robertson* v. *Gibb*, 38 Mich. 165; *White* v. *Magann*, 65 Wis. 86.) A similar rule must apply where the partner, whose duty it is to keep the firm books, has neglected for a time to perform that duty.

The second proposition stated in the brief for the appellant is that the acts of the partners create a conclusive presumption of a settlement and mutual accord which will not be disturbed. It is argued that the members of this firm " went on in their simple way for years, entirely satisfied to keep no regular books, have no account of stock, no trial balances, no balance sheet drawn off, showing how either the firm or its members stood, but each doing all he could and drawing out for himself what he chose, and often paying taxes and other bills jointly without any consideration of whether one was getting more than the other or not." Assuming this to be a correct statement of what was done, it by no means follows that the members of the firm intended, when the business should be wound up, that no account should be taken of the question whether one partner had received more than his share of the earnings or not. There being no express agreement as to the shares of the respective partners, the law implied that they were equally interested in the partnership property and profits. (*Gould* v. *Gould*, 6 Wend. 263, 267; *Ryder* v. *Gilbert*, 16 Hun, 163, 168.) In view of this presumption it cannot be held that they had agreed to an unequal division of the earnings, merely because they went on doing business for many years without having any accounting with one another in reference to the business.

The third of the appellant's points relates to a number of exceptions to rulings which are alleged to constitute reversible error.

The only one of these which it. seems necessary to discuss is the exception to the admission of the schedule, which has already been mentioned as having been prepared by the expert accountant from the cash books. The title to this schedule declares it to be a statement of items drawn not only from the cash books of the firm of Van Name Brothers, but also from their check book stubs. These check book stubs had not been admitted in evidence, and, so far as the statement was based upon such stubs, it was not admissible. It appears, however, from the schedule itself, that the items drawn from the check book stubs are stated separately at the end of the schedule. It also appears, from the referee's report, that he ignored these items in making up his account and ascertaining the liability of the appellant. The schedule, therefore, was admissible for all the purposes for which it was considered by the referee. The cash books, from which it was made up, had all been offered in evidence and were before the court, and it is perfectly well settled at this late day that resort may be had to schedules containing abstracts of voluminous books or documents which have been put in evidence, where those schedules are verified by the witness who made them, and their assistance will render the original documentary proofs more readily comprehensible by judge, jury or referee. (*Boston & Worcester R. R. Corporation* v. *Dana,* 1 Gray, 83, 104; *Jordon* v. *Osgood,* 109 Mass. 457, 464; *Von Sachs* v. *Kretz,* 72 N. Y. 548.)

A careful consideration of the facts of the case, as disclosed by the record, affords no reason to believe that the appellant has been unjustly dealt with in the result reached by the referee. In my opinion, therefore, we should affirm the judgment and order appealed from.

All concurred.

Judgment affirmed, with costs.