## LAMPE v. PLATT.

(Supreme Court, Appellate Term.   May 9, 1912.)

EVIDENCE (§ 158*)—BEST AND SECONDARY EVIDENCE—BOOKS OF ACCOUNT.

    In an action involving the falsity of representations concerning the income from a business, made to a purchaser of the business by the seller, an expert bookkeeper, who has examined the seller's books of account, cannot testify to the amount he found to be the gross income for the three years preceding the sale, where the books themselves are not offered in evidence.

    [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 471-473, 474½-526; Dec. Dig. § 158.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Adelaide Lampe against Mary A. Platt.   From a judgment on a directed verdict for plaintiff, and an order denying a new trial, defendant appeals.   Affirmed.

Argued April term, 1912, before SEABURY, GUY, and GERARD, JJ.

Howard A. Sperry, of New York City, for appellant.
Frederick Dieffenbach, of New York City, for respondent.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

GERARD, J. The plaintiff brought this action to recover on certain promissory notes made by defendant. Defendant gave three notes in part payment for a millinery business sold to defendant by plaintiff, and in this action defendant set up a counterclaim, charging that plaintiff had falsely represented the gross income of said business to be not less that $7,000 per year. It was not denied that this representation had been made.

The husband of defendant testified that he had examined the books of the business kept by plaintiff prior to the sale to defendant, which had been turned over to defendant; but he was not allowed, after objection by plaintiff, to tell the amount he found to be the gross income derived from the business for the three years prior to the sale to defendant. This is claimed to be error by defendant. The books themselves were not offered in evidence. The husband claimed to be an expert bookkeeper. I do not think this ruling was error. The correct rule is stated in Van Sachs v. Kretz, 72 N. Y. 552, where it is stated that it was not error for the referee to reject an offer to show by a bookkeeper the results derived from his examination of the books, on the ground that the books were in evidence and "spoke for themselves." "It would not have been error for the referee to have allowed a witness with the books before him to give a summary of their contents; but this was a question of convenience simply, and a matter within his discretion." In Van Name v. Van Name, 38 App. Div. 451, 56 N. Y. Supp. 659, it is said that:

"It is perfectly well settled at this late day that resort may be had to schedules containing abstracts of voluminous books or documents, which have been put in evidence, when those schedules are verified by the witness who made them."

In that case the court referring to a schedule made up from checkbook stubs, said:

"These check book stubs were not admitted in evidence, and so far as the statement is based on these stubs it is not admissible." National Bank of Republic v. Nassau Phosphate Co., 56 Hun, 136, 8 N. Y. Supp. 929.

No error was committed by the trial judge in rejecting the testimony of this witness as to a computation made by him from books not in evidence.

The judgment should be affirmed, with costs. All concur.