NICHOLAS SWARTHOUT, Respondent, *v.* THE NEW JERSEY STEAMBOAT COMPANY, Appellant.

The acts of Congress providing for the better security of the lives of passengers on board of vessels propelled by steam, etc. (act of July 7, 1838, amended by act of August 30, 1852), do   not take away or impair the common-law right of action by a person injured, while a passenger upon such a vessel.

An inspection of the boilers by the proper United States inspector, as prescribed by said act, and a certificate of inspection that in his opinion the vessel, her boiler and machinery, came up to the requirements of the act, is not conclusive, and does not exonerate the owner from liability.

(Argued September 22, 1871 ; decided January term, 1872.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial district, affirming a judgment in favor of plaintiff entered upon a verdict, and affirming an order denying a motion for a new trial. (Reported below, 46 Bar., 222.)

This action, brought to recover damages sustained by the plaintiff while a passenger on the defendant's steam vessel, Isaac Newton, from New York to Albany, was tried at the Rensselaer Circuit, in May, 1865.   On the trial it appeared that in December, 1863, while the plaintiff was such passenger, an explosion of one of the boilers of the vessel occurred, and that the plaintiff was thereby greatly injured.   On the part of the plaintiff it was proved that the escape of steam, causing the injury, was the result of an improper construction or fastening of the part of the boiler which gave way ; that there had been for years a more improved mode of constructing the boiler, which, if it had been adopted by the defendant, no injury would have occurred.   On the part of the defendant it was proved that on or about the twenty-fourth day of March, 1863, the boilers upon that vessel were, in compliance with the requirements of the acts of Congress for that purpose, duly inspected by the proper United States inspector, from which it was ascertained that the vessel was built in 1846 ; that

the boilers in use, when the explosion occurred, were con-
structed in 1856; that each boiler was subjected to a hydro-
static pressure of forty-four pounds to the square inch; in
short, that by the inspection, the vessel, her boilers, safety-
valves, supply pipes, steam pipes, etc., in the opinion of the
inspector, came up to the requirements of the law, and that at the
time of the explosion the pressure was less than thirty pounds
to the square inch. When the evidence closed, the defendant's
counsel moved that the plaintiff be nonsuited. The only
ground of the motion, appearing in the bill of exceptions, was
that the defendant having shown a perfect compliance with
the acts of Congress, was not liable in this action. The
motion was overruled and the defendant excepted. The judge,
in submitting the evidence upon the issues to the jury,
instructed them that the plaintiff was entitled to recover for his
bodily sufferings such an amount as in their judgment he
was entitled to receive, to which also the defendant excepted.
The jury rendered a verdict in favor of the plaintiff for $2,000.
A motion was made at Special Term for a new trial, and denied,
and judgment being entered upon the verdict, the defendant
appealed therefrom to the General Term, where the judgment
was affirmed, and the defendant appealed again to the Court
of Appeals.

*Charles Jones* for appellant.

*M. I. Townsend* for respondent. The granting of a new
remedy by statute does not deprive a party of one then exist-
ing, unless it is expressly so provided. (*Renwick* v. *Morris*,
7 Hill, 575; 2 Coke Inst., 200.)

GRAY, C. Two questions are presented by the bill of
exceptions for our consideration. One is, whether an inspec-
tion of the vessel, upon which the injury complained of
occurred, her boilers, including her entire steaming appara-
tus, by the proper officer for that purpose, showing, as the
inspector believed and certified, that they came fully up to

the requirements of the act of Congress of July 7, 1838, and the act amendatory of the same, passed August 30, 1852, constituted of itself a defence to this action. The only object of legislation by Congress on this subject was to secure to the passengers upon steam vessels greater security against disaster.

The testimony of the inspector, whether as a witness upon the stand or by his official certificate, is not made conclusive; evidence upon the same subject, borne by persons of equal character and skill, is to be taken and considered upon its merits. Congress has not professed to take away or impair the common law right of action by persons thus injured through the unskillfulness or negligence of the owner or master of a vessel. The act itself provides, that if the injury happens not only through any neglect to comply with its provisions, but through known defects of the steaming apparatus, the master and owner, as well as the vessel itself, shall be liable. It was fairly inferable from the evidence that injury occurred through a known defect of the steaming apparatus. It was proven by witnesses on the part of the plaintiff that the escape of the steam was caused by an improper construction or fastening of the part of the boiler that gave way, and that a better and more improved mode of constructing the boiler had been in use for years, which, if it had been adopted, would have saved the injury. The only other question arises upon the instruction given to the jury, that the plaintiff was entitled to recover what, in their judgment, he should receive for his bodily sufferings. In this there was no error; the ruling rests upon authority. (*Ransom* v. *The N. Y. and E. R. R. Co.,* 15 N. Y. R., 415; *Curtis* v. *The Rochester and Syracuse R. R. Co.,* 18 N. Y. R., 541.) The judgment should be affirmed.

All concur.

Judgment affirmed.