## NATIONAL BANK OF THE REPUBLIC, RESPONDENT, *v.* NAVASSA PHOSPHATE COMPANY, APPELLANT.

*Indorsement of a note by a corporation by its president — when the corporation is estopped to deny his authority — evidence, of indorsement of other notes — of the entries of such notes in the corporate books.*

In an action, brought against a corporation to charge it as indorser upon a promissory note, it appeared that the note in suit was made to its order as payee, and was indorsed " Navassa Phosphate Co., W. E. Lawton, President," and was subsequently discounted by the plaintiff. Evidence was given showing the indorsement by Lawton of similar notes, but no direct authority to do so from the trustees of the defendant was shown, nor was any such authority conferred by the by-laws of the defendant.

*Held,* that evidence that Lawton had indorsed many other notes in like manner was not of itself sufficient to charge the defendant upon the note in suit.

That such evidence of indorsement, coupled with evidence that entries had been made in the books of the corporation of the receipt of the proceeds of such notes, was competent by way of estoppel in establishing the plaintiff's cause of action, although the other trustees had no knowledge, in fact, of these transactions, and although these indorsements were not in the course of business of the corporation, but were made for the purpose of using its credit for the individual benefit of Lawton.

That the evidence of such entries in the books of the corporation should have been furnished by the books themselves, and, in the absence of excuse for their not being produced, the testimony of the clerk who kept the book was not admissible to prove such entries.

*Semble,* that oral evidence as to the indorsement of the other notes was competent.

APPEAL by the defendant from a judgment, entered in the office of the clerk of the county of New York on the 2d day of July, 1888; and also from an intermediate order or interlocutory judgment, entered in said office on the 25th day of June, 1888, denying defendant's motion for a new trial.

*William C. Gulliver,* for the appellant.

*Stern & Myers,* for the respondent.

CULLEN, J. :

This action is brought against the defendant as indorser of a promissory note made by one John Reed.

The answer puts in issue the indorsement by the defendant. The plaintiff had the verdict at circuit, and from the judgment entered upon that verdict this appeal is taken. The note in suit was made to the order of the defendant. The evidence for the plaintiff tended to show that it was transferred by the defendant to the Delta Azotin Company on account of a debt claimed to be due from the defendant to the latter company. Upon such transfer it was indorsed " Navassa Phosphate Co., W. E. Lawton, President." The note was subsequently discounted by the plaintiff for the Delta Azotin Company. Evidence was also given of the indorsement by Lawton of similar notes, but no direct authority from the trustees for such purpose was shown. The defendant denied all authority in Lawton to indorse notes, and also the existence of any debt to the Delta Azotin Company or from Reed. Lawton appears to have absconded after having issued a large amount of fraudulent paper. The case was submitted to the jury under instructions that if either of the defendants received the proceeds of the note when it was indorsed and delivered by the president, or that if, as to the plaintiff or third parties, the president was apparently authorized to indorse and deliver the note, the plaintiff was entitled to recover the verdict. Proof that Lawton

was the president of the defendant, without proof of his authority to indorse notes, did not show that the indorsement was that of the corporation. (_People's Bank_ v. _St. Anthony's Church_, 109 N. Y., 512 ; _McCullough_ v. _Moss_, 5 Denio, 567 ; _Niagara Falls Suspension Bridge Co._ v. _Bachman_, 66 N. Y., 262.) The only power conferred upon the president by the by-laws was that of presiding at meetings of the board of trustees. No resolution of the board granting further power was produced. It was, therefore, incumbent upon the plaintiff to establish Lawton's power to bind the company by further proof.

This, we think, could have been shown in two ways :

_First._ By the acquiescence or ratification by the trustees of the assumption of such power by Lawton.

_Second._ By proof of such a course of dealing by Lawton, and such negligence on the part of the trustees as would estop the defendant from denying Lawton's authority. (_N. Y. and N. H. R. R._ v. _Schuyler_, 34 N. Y., 30.)

Evidence was given by Jones, president of the Delta Azotin. Company, to the effect that he had received many such notes from Lawton, and by one Kirkland, a clerk of Lawton's, and practically, also, the bookkeeper of the defendant, so far as the New York office was concerned, that Lawton had endorsed 300 or 400 notes like the one in suit and had them discounted, and that the witness Kirkland had made entries in the books of the company of the proceeds of such notes. Knox, the president of the plaintiff, testified that similar notes had been discounted by the plaintiff and subsequently paid. We think that these facts, if proved by competent evidence, were sufficient to justify the submission to the jury of the question of estoppel on the part of the defendant as to Lawton's authority.

It may be assumed that the other trustees did not know that Lawton was indorsing commercial paper ; but if such were the fact, and entries of the transactions disclosing their nature were made in the books of the defendant company extending over a long period, the mere ignorance of the trustees would not suffice to relieve the defendant. The corporation is justly chargeable with notice of all that should have been known by the trustees as well as what actually was known. If, for several years, Lawton, though without authority, was using the credit of the company and the corporate machinery

to avail himself of that credit, entering the transactions on the books of the corporation and paying obligations out of apparently corporate funds, we think the trustees could not, by their negligence in omitting to discover the fact and practically turning over to Lawton the whole management of the New York office, relieve the company from liability to those who had acted on the faith of the apparent power. But the indorsement of numerous notes was not of itself sufficient to charge the company; such was a mere repetition of the fraud. The essential point was to charge the defendant with either actual or implied notice. The entries of the transactions in the company's books may have been of such a character as to have accomplished this object. Such entries as well as the notes were, against the defendant's objection that the evidence was secondary and under its exception, proved, not by the books or notes, but by the testimony of the clerk, Kirkland. As to the notes we are inclined to think the ruling of the trial court correct. (*Chrysler* v. *Renois*, 43 N. Y., 209.) But as to the books we can find no justification for it. The objection was directed to the exact defect, and an exception was taken to the ruling of the court. It was the vital point of the case, and contradictory evidence of a similar character offered by the defendant was excluded. Without this objectionable testimony the evidence would have been insufficient to justify the submission to the jury on this branch of the case. For this error, therefore, the judgment must be reversed, unless, as is now claimed, the evidence on the other branch of the case, *i. e.*, that the company had received the proceeds of the note, was so conclusive that the court should have directed a verdict for the plaintiff on that ground.

We think this claim cannot be sustained. The evidence of the various transactions with the Delta Azotin Company, by which the note in suit was indorsed to that company, is solely that of Jones, its president. He testified that it was delivered by Lawton in part payment of a running account in favor of the Azotin Company, against the defendant for goods sold. The books of neither company were produced to show the account. Jones does not state what goods were ever sold to the defendant, and the existence of any dealings between the two companies is denied by the defendant. Lawton, who is the defaulting president, was interested in the Delta Azotin Company. To say the most of this evidence, it was neither

so satisfactory or so conclusive that the question of the existence of the debt and the payment of it by the note in suit should not have been submitted to the jury for determination.

The judgment appealed from should be reversed and a new trial ordered, costs to appellant to abide the event.

VAN BRUNT, P. J., concurred.

Judgment reversed and new trial ordered, with costs to the appellant to abide event.