(15 App. Div. 522.)

### BANGS v. NATIONAL MACARONI CO.

(Supreme Court, Appellate Division, Second Department. April 6, 1897.)

1. CORPORATIONS—AUTHORITY OF OFFICERS—BY LAWS.
    Authority to execute notes is not conferred on the treasurer by a by-law which authorizes him to incur debts for supplies and merchandise to a certain amount each month.

2. SAME—ESTOPPEL TO DENY AUTHORITY.
    A corporation is not benefited by notes executed in its name without authority, where the proceeds were used to discharge other obligations of the corporation.

Appeal from trial term, New York county.

Transferred from First department.

Action by L. Bolton Bangs against the National Macaroni Company. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Ferdinand E. M. Bullowa, for appellant.

George W. Wickersham, for respondent.

CULLEN, J. The action was brought to recover the amount of two promissory notes alleged to have been made by the defendant. The answer in substance denied the authority of defendant's officers to make the notes, and set up that the notes were made and delivered while the defendant corporation was insolvent, with intent to prefer the payment of certain debts due from it to its officers.

As to the second defense, that the notes were executed in contemplation of insolvency, and for the purpose of giving preference, we have held in the case of Welling v. Manufacturing Co. (not yet officially reported) 44 N. Y. Supp. 374, that these facts do not constitute a defense to the action, and that relief against such preference, if illegal, must be had either by a motion or an action brought by the receiver to set aside the lien of the judgment or of the execution issued thereon.

As to the first defense, we think that the plaintiff failed to establish authority in the defendant's officers to execute the notes in suit. "Proof that a promissory note purporting to be made by the corporation was signed by its president and secretary does not show that it is the note of the corporation, without proof that it was made by its authority." People's Bank of City of New York v. St. Anthony's Roman Catholic Church, 109 N. Y. 512, 17 N. E. 408; De Bost v. Albert Palmer Co., 35 Hun, 386. The by-laws of the defendant corporation were put in evidence. As we construe them, they conferred no authority to issue promissory notes, but, on the contrary, expressly forbade their execution. The exception that the treasurer might incur indebtedness in the regular course of business for supplies and merchandise, for a sum not exceeding $1,000 in any single contract, nor in excess of $5,000 in any single month, did not authorize that officer to issue promissory notes for such indebtedness. In this state of the by-laws, it was necessary for the plaintiff, in order to establish the liability of the defendant upon the notes, to show either acquiescence or ratification by the trustees of the power assumed by the treasurer to issue notes, or such a course of dealing by that officer, and such negligence on the part of the trustees, as would estop the defendant from denying the treasurer's authority. National Bank v. Navassa Phosphate Co., 56 Hun, 136, 8 N. Y. Supp. 929. The evidence, we think, in this case, is insufficient for this purpose. At most, it presented no more than a question of fact for the jury. It was therefore error to have directed a verdict for the plaintiff.

This case is to be distinguished from that of National Spraker Bank of Canajoharie v. George C. Treadwell Co., 80 Hun, 363, 30 N. Y. Supp. 77. It was there held that the corporation was liable because it had received the proceeds of the note, although the president was without authority under the by-laws to make such an obligation. In this case the only benefit derived by the defendant from the notes in suit was the satisfaction and discharge of similar obligations of the defendant to other parties. In fact, the evidence shows that the money borrowed on these notes was loaned for the express purpose of taking up notes of the defendant on which the plaintiff's brother, the president of the defendant, was liable as indorser. The evidence, if insufficient to show any liability of the defendant on the notes in suit, was equally insufficient to establish any liability of defendant on the notes retired by the proceeds of the notes in suit; hence it was not shown conclusively that the defendant received the benefit of these last notes.

The judgment and order should be reversed, and a new trial granted; costs to abide the event. All concur.