STERN v. HOFFMAN BREWING CO.

(Supreme Court, Appellate Term.   February 24, 1899.)

INJURY BY HORSE—LIABILITY OF OWNER—SCIENTER.
    The owner of a horse, who permitted it to go at large and unattended
    on a sidewalk, is liable for injuries caused by its biting a pedestrian
    thereon, though he had no knowledge of its vicious propensities.

Appeal from municipal court, borough of Manhattan, Fifth district.

Action by Louis Stern against the Hoffman Brewing Company. Judgment for defendant, and plaintiff appeals.   Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVEN-TRITT, JJ.

Abraham H. Sarasohn, for appellant.
Ashbel P. Fitch, for respondent.

MacLEAN, J.   The complaint was dismissed on the ground that the alleged damage was caused by the malicious conduct of ·a domestic animal, and the plaintiff failed. to establish previous knowledge of vicious inclination.   According to the uncontradicted testimony of the plaintiff, the horses of the defendant were upon a sidewalk, at large and unattended, and, in passing, one of them jumped and bit a piece out of his coat.   They were admittedly where they had no right to be, and where, presumably, they would not have been, if attended.   Under such circumstances, failure to prove scienter will not relieve the owner of responsibility; "the vice ·of the animal being an essential fact only when, but for it, the conduct of the owner would be free· from fault."   Dickson v. McCoy, 39 N. Y. 400, 401.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event.   All concur.

---

(26 Misc. Rep. 374.)

HEIMERDINGER v. LEHIGH VAL. R. CO.

(Supreme Court, Appellate Term.   February 24, 1899.)

1. APPEAL—REVIEW—VERDICT.
    The appellate term will not disturb a verdict, sustained by the general
    term of the city court, on the facts, except for errors of law.

2. WITNESS—CREDIBILITY.
    Where plaintiff, suing on a contract for advertising to be placed in a
    book he was getting out, was a witness, it was competent to attack his
    credibility by asking him as to how many subscribers he got for his book,
    how many of those subsequently withdrew, and how many he had sued
    on contracts similar to that in suit.

3. EVIDENCE—PROOF OF AUTHORITY.
    A letter, by the secretary of a municipal department, conferring au-
    thority of the department on another to do a certain act requiring the de-
    partment's authorization, is not proof thereof, in the absence of a showing
    of the secretary's authority to write the letter.

**4. PAROL PROOF OF WRITING.**

      It is competent to prove the existence of a writing by parol, though the writing itself is the best evidence of its contents.

**5. AUTHORITY OF AGENT—EVIDENCE.**

      Where the court admitted a paper purporting to confer authority from a municipal department to do a certain thing, which authorization was essential to a recovery in the action, stating to the jury that it was prima facie evidence of the department's act, error in excluding evidence to show that the person signing it had no authority to bind the department was prejudicial.

Appeal from city court of New York, general term.

Action by Joseph C. Heimerdinger against the Lehigh Valley Railroad Company. From a judgment of the general term of the city court (54 N. Y. Supp. 1103) affirming a judgment for plaintiff, and an order denying a new trial, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

James J. Macklin, for appellant.

David M. Neuberger, for respondent.

FREEDMAN, P. J. The action was brought to recover damages for the breach of a written advertising contract. The answer contains a general denial, and then sets up that the said advertising contract was procured through false and fraudulent representations that the book or publication in which the advertisement was to be printed was about to be issued under the authority of, and by, the members of the department of docks of the city of New York; that the defendant relied upon said representations in entering into said contract; and that the representations were false and fraudulent. At the trial the issues thus joined were sharply litigated. The testimony was conflicting, but sufficient to carry the case to the jury, and the case appears to have been submitted to the jury under a charge to which no exception was taken. The jury found for the plaintiff, and, the verdict having been sustained by the general term of the city court upon the facts as well as the law, the judgment appealed from will not be disturbed, except for errors of law.

The contention of the defendant throughout the trial was that its agents had been induced to sign the contract in question by the representations of plaintiff's canvasser that the book or publication in which the advertisement was to be inserted was to be of an official character, and that such agent, upon finding out that such was not the fact, refused to give the advertisement. The plaintiff was a witness on his own behalf, and, among other things, testified to the effect that, at the time he asked defendant's agent for the advertisement, said agent admitted that there had been no misrepresentation by the canvasser. In the course of his cross-examination he was asked as to how many subscribers he got to his book, how many of those subsequently withdrew, and how many parties he sued on contracts similar to the contract in question. The questions upon these points were severally objected to by plaintiff's counsel as irrelevant, incompetent, and immaterial; and the objections were sustained and the questions excluded, and the defendant duly excepted. The questions were competent

and proper on cross-examination, because the defendant had a right to attack the credibility of the plaintiff, as an interested party. Their exclusion was error.

On the part of the defendant, Edward Einstein was called as a witness. He testified that he was one of the dock commissioners in 1897, and treasurer of the board, and that when the plaintiff called upon him, and asked for authorization to make the contemplated publication, he told him that no authority would be given him whatsoever. In the course of his cross-examination, this witness admitted that at the time referred to George S. Terry was secretary of the department of docks, that the paper on which a certain letter shown to him was written is the official letter head of the department of docks, and that the signature to said letter is the signature of George S. Terry, as secretary of the department of docks. Plaintiff's counsel thereupon offered the letter in evidence. Defendant's counsel objected to its reception, unless it was shown that Mr. Terry had the right from the board to sign such a letter. The trial judge, against defendant's objection and exception, received the letter, with the remark: "I will allow it for what it is worth. It is prima facie evidence that he signed it with the approval of the dock department." The letter was addressed to the plaintiff, and purported to be an official authorization by the department of docks for the plaintiff to publish 2,500 copies of an official review of the department of docks. Its reception in evidence under the circumstances stated clearly constituted error. Even in case of promissory notes, it has been held by the courts that proof that a promissory note purporting to be made by a corporation, and signed by its president and secretary, does not show that it is the note of the corporation, without proof that it was made by its authority. People's Bank v. St. Anthony's Roman Catholic Church, 109 N. Y. 512, 17 N. E. 408; Bangs v. Macaroni Co., 15 App. Div. 522, 44 N. Y. Supp. 546. That being the rule as to the corporations referred to, the same rule requiring authority to be shown applies with equal force to a municipal department whose powers are strictly limited by statute.

The error committed in receiving the said letter in evidence, with the remark made in the presence of the jury that it was prima facie evidence that the secretary signed it with the approval of the dock department, had a tendency to prejudice the defendant's case, but its probable injurious effect upon the jury was still further intensified by the following subsequent occurrence. Mr. Terry was called as a witness for the plaintiff in rebuttal, and upon his cross-examination he was asked this question, viz.:

"Q. Mr. Terry, was there any resolution of the board of docks authorizing you to write to Mr. Heimerdinger, the plaintiff, such a letter as you did? (Referring to the letter hereinbefore referred to.)"

This was objected to by the plaintiff as not the best evidence, and the objection was sustained, and the defendant excepted. The question did not call for the contents of the resolution, but simply for the fact of the existence of any such resolution; and, if it had been allowed, the proper answer would have been "Yes" or "No." If "No," that ended it. If "Yes," it would have been followed up by proof as

to the book containing the resolution, the production of the book, and the offering of the resolution in evidence.　As the letter had already been admitted in evidence, with the statement by the court to the jury that it was prima facie evidence of the act of the board, the defendant had a right to show by the cross-examination of Mr. Terry, as the secretary of the board, that after all'he had no authority from the board. The exclusion of the question last referred to therefore constituted error.

The errors pointed out appear, upon an examination of the whole case, to be of sufficient importance to entitle the defendant to a new trial. '

The judgment and order appealed from should be reversed, and a new trial ordered, with costs and disbursements to the appellant to abide the event.　All concur.

