(29 Misc. Rep. 289.)

AARONSON v. DAVID MAYER BREWING CO. (two cases).

(Supreme Court, Appellate Term. October 25, 1899.)

GUARANTY BY CORPORATION—VALIDITY—AUTHORITY OF VICE PRESIDENT.

Plaintiff sought to charge a brewing company upon a guaranty signed by its vice president. The evidence showed that, when a guaranty of the company was asked, the vice president said the company would not give one. The president's guaranty was then asked. He was absent, and the vice president was asked to sign. He did so, stating at the time, and in the presence of plaintiff's representative, that the company would not sign without direction of the board of directors. Held, that the company is not bound by the guaranty.

Appeal from city court of New York, general term.

Actions by Rachel Aaronson against the David Mayer Brewing Company. From judgments for plaintiff, and orders denying a motion for a new trial (56 N. Y. Supp. 387, 390), defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVEN-TRITT, JJ.

B. Lewinson, for appellant.

H. B. Wesselman, for respondent.

FREEDMAN, P. J. These actions were brought to recover for the rent of certain premises leased by the plaintiff to one Albert, the payment of which, it is claimed, was guarantied by the defendant in a written contract, of which the following is a copy:

"In consideration of the letting of the premises within mentioned to the within named Samuel Albert, and the sum of one dollar to me paid by said party of the first part, I, David Mayer, do covenant and agree to and with the party of the first part and her legal representatives that if default shall at any time be made by said party of the second part in payment of the rent and the performance of the covenants contained in the written lease on his part to be paid and performed, that I will well and truly pay the said rent, or the arrears thereof that may remain due unto the party of the first part, and also all damages that may arise in consequence of the nonperformance of said covenants, or either of them, upon notice of any such default within 30 days thereafter from said party of the first part, to the extent of $1,000.

"Witness —— hand and seal this 24th day of January, 1893.

"David Mayer Brewing Co.,
"Oscar I. Mayer, Vice President."

The tenant defaulted in the payment of the rent for the months of July, August, and September. Notices of such default were duly served upon the defendant, and after the expiration of the 30 days from the time of giving the notice these actions were begun. At the time of the trial both actions were tried as one action, but separate judgments were rendered in each case in favor of the plaintiff, and upon appeal therefrom by the defendant to the general term of the city court (56 N. Y. Supp. 387, 390) were there affirmed, and from the judgments of affirmance by that court this appeal is taken. The facts in each case are similar, and are substantially undisputed.

Assuming that the guaranty in question would have been valid and binding upon the defendant corporation, had it been signed by one having proper and requisite authority to execute it, I am of the opinion that the record fails to show that Oscar I. Mayer, the vice president, had the necessary power to bind the defendant by his signature thereto. The plaintiff read in evidence the direct examination of said Oscar I. Mayer, taken under and by virtue of an order of the city court made in these actions on the 5th day of March, 1897. In that deposition Mayer states that the defendant is a corporation organized for the purpose of the manufacture and sale of beer; that David Mayer is the president; that Albert (the tenant) carried on a saloon at No. 65 Hester street, in the city of New York, and was a customer of the defendant; that he (Mayer) had seen the guaranty in question twice,—once on the elevated railroad train going north, and again the same day at the brewery of the defendant; that Albert handed it to him at the brewery, and said he (Albert)·

wanted the guaranty of the brewing company on the lease; that he (Mayer) replied that the company had stopped giving guaranties; that Albert then said, "I want to get the guaranty of Mr. David Mayer, as I had it previously, but the landlord thinks it better to get the brewing company;" that he (Mayer) said, "Tell the landlord that, if he insists upon the guaranty of the brewing company, he simply has an empty signature, because the brewing company will absolutely guaranty nobody's rent or contract;" and that Albert said he would tell Aaronson so. The defendant's counsel then read a portion of the deposition, not previously read by the plaintiff, in which Mayer stated that nobody had any right to sign or make a contract for the defendant without attaching the seal of the board of directors thereto. Oscar I. Mayer was also sworn in behalf of the defendant, and made substantially the same statements; adding that Albert came to him with a request from Aaronson to have David Mayer sign the paper, and, when he ascertained that David Mayer was not there, said he would take the guaranty of the defendant, and that he (Mayer) told Albert that the brewing company would not sign the guaranty without the direction of the board of directors. This is all the testimony relative to the authority of Oscar I. Mayer to sign the guaranty. It appears by Mayer's testimony that, at the time of the conversation between himself and Albert, he (Mayer) signed the guaranty in the manner it appears; and he says that Aaronson was not present. Aaronson swears that he was present when Mayor signed, as he says, "the lease." Aaronson does not dispute the conversation testified to by Mayer, or the statements Mayer swears that he made at the time he signed the guaranty; and it therefore becomes a question of law to determine whether Mayer had authority to bind the defendant corporation by placing the name of the company to the contract. If Aaronson, who, the plaintiff claims, was acting for her in the matter of procuring the guaranty and lease, was present at the time Mayer signed the name of the defendant to the guaranty, he had notice of the want of authority in Mayer to bind the company by such signing. If he was not present, the plaintiff, upon the delivery to her by Aaronson of the guaranty, with the name of David Mayer in the instrument as the guarantor, and the name of the defendant as the only signer thereto, was put upon her inquiry as to the nature and conditions of the contract, and was chargeable as to the powers and purposes of the corporation. "Whatever is sufficient to put a person of ordinary prudence on inquiry is constructive notice of everything to which that inquiry will reasonably lead." Cheever v. Railroad Co., 72 Hun, 380, 25 N. Y. Supp. 449. "All persons dealing with a corporation are bound to take notice of the nature and extent of the powers and authority possessed by its officers." De Bost v. Albert Palmer Co., 35 Hun, 386. "The plaintiff was chargeable with knowledge of the corporate powers of the defendant, and of the extent to which its cashier could bind the company." Jemison v. Bank, 122 N. Y. 140, 25 N. E. 264; Alexander v. Cauldwell, 83 N. Y. 480; Wilson v. Railroad Co., 114 N. Y. 487, 21 N. E. 1015. "The by-laws of the company were put in evidence. They show no authority to issue promissory notes. In this state of the by-laws, it

was necessary for the plaintiff, in order to establish the liability of the defendant on the notes, to show either acquiescence or ratification of the power assumed by the treasurer to issue notes." Bangs v. Macaroni Co., 15 App. Div. 522, 44 N. Y. Supp. 546. In the case at bar there is no evidence that the defendant had any knowledge or information of the existence of the guaranty, or that it knew of the signing of the same by Mayer. From the foregoing, it will be seen that there was an entire failure to show that Oscar I. Mayer had power or authority to bind the defendant by the signing of such instrument. The judgments should be reversed, and a new trial ordered.

Judgments reversed, and new trial ordered, with costs to the appellant, in each case, to abide the event.

LEVENTRITT, J., concurs. MacLEAN, J., concurs in the result.