BALABAN v. DUGUNDJI.

(Supreme Court, Appellate Term.   March 19, 1912.)

On reargument.  Former judgment, reversing the judgment of the trial court and ordering a new trial, affirmed.

For former opinion, see 132 N. Y. Supp. 1120.

Argued November term, 1911, before GIEGERICH, LEHMAN, and PENDLETON, JJ.

Charles W. Gould, for appellant.

Dutton & Kilsheimer, for respondent.

PER CURIAM.   A reargument of this case was granted, for the reason that, after the appellant had served and filed his brief, the parties entered into an agreement that the case should not be argued until the December term of the court.   This stipulation was not filed with the clerk, and the case, being regularly on the calendar, was submitted and heard at the November term upon the appellant's brief alone, and the judgment reversed.   Upon a re-examination of the record, and due consideration of the respondent's brief, we have reached the same conclusion as on the former hearing, and the determination must therefore be the same.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event.

---

F. W. CARLIN CONST. CO. v. NEW YORK & BROOKLYN BREWING CO.

(Supreme Court, Appellate Division, Second Department.   February 2, 1912.)

1. CONTRACTS (§§ 227, 221*)—BUILDING CONTRACTS—EXTRA WORK—CONDITION OF LIABILITY.

The provision of a building contract, making a written order for changes from plans and specifications a condition to liability for extra work, is valid, but may be waived.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1038–1040, 1015–1032;  Dec. Dig. §§ 227, 221.*]

2. PLEADING (§ 214*)—DEMURRER—ADMISSIONS.

While a demurrer admits such inferences as may be reasonably drawn from material facts properly pleaded, it does not admit a conclusion of law, as that defendant waived and abandoned provisions of a contract by certain acts.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 525–534;  Dec. Dig. § 214.*]

3. CONTRACTS (§ 332*)—BUILDING CONTRACTS—EXTRA WORK—CONDITION OF LIABILITY—WAIVER—PLEADING.

Where a building contract makes a written order for changes from plans and specifications a condition precedent to liability for extra work, the complaint for extra work done without such an order must distinctly plead the elements of waiver of the order.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1615–1639;  Dec. Dig. § 332.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

4. CONTRACTS (§ 227*)—BUILDING CONTRACTS—EXTRA WORK—CONDITION OF LIABILITY—WAIVER.

There is not a waiver by the owner of the condition in a building contract that to make him liable for extra work there must be a written order for changes from plans and specifications, where he in bad faith insists on the work as being within the contract, and refuses to give such a written order.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1038–1040; Dec. Dig. § 227.*]

5. CONTRACTS (§ 332*)—BUILDING CONTRACTS—BREACH.

The complaint of a contractor cannot be sustained as being on the theory of an action for breach of the building contract, rather than for extra work, on which latter theory it cannot be sustained, because there was no written order for the work, required by the contract to make the owner liable for extra work, where the work, done on the insistence of the owner that it was within the contract, was so far without the limits of the contract as not to leave the question open to fair debate and doubt.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1615–1639; Dec. Dig. § 332.*]

Appeal from Special Term, Kings County.

Action by the F. W. Carlin Construction Company against the New York & Brooklyn Brewing Company. From an interlocutory judgment sustaining a demurrer to plaintiff's second cause of action, plaintiff appeals. Affirmed, with leave to plead over.

See, also, 139 App. Div. 935, 124 N. Y. Supp. 1115.

The opinion of Putnam, J., at Special Term, is as follows:

Plaintiff's second cause of action is for alleged charges and extra and additional work under a contract which the complaint states "should be done under the direction of the architect and that the decision of the architect as to the construction and meaning of the drawings and specifications should be final; that no allowance would be made for alterations causing extra work and material unless by written order."

[1] It is settled that a provision for a written order as a condition to liability for extra work is valid, and will be enforced. Langley v. Rouss, 185 N. Y. 203, 77 N. E. 1168, 7 Ann. Cas. 210; Sutherland v. Walsh, 45 Hun, 259. But this provision may be waived by the subsequent conduct of the parties. Solomon v. Vallette, 152 N. Y. 147, 46 N. E. 324; Stout v. Jones, 120 N. Y. 638, 24 N. E. 1096; Bartlett v. Stanchfield, 148 Mass. 394, 19 N. E. 549, 2 L. R. A. 625. Therefore the real question raised by the demurrer is whether the complaint shows the elements of such a waiver by the conduct of the parties. The allegations of the complaint, instead of charging a new agreement, set forth wrongful conduct on the part of defendant and his architect, in that they gave to the contract, drawings, and specifications unreasonable and arbitrary meanings, contrary to the terms thereof, and sought to require plaintiff to do things not required by the contract, and in an unwarranted and unreasonable manner, and in bad faith, ordered work and materials that were in addition to the contract, and changed and modified the drawings and specifications, thereby increasing the amount and character of labor and materials over and above the amount provided by the contract, and arbitrarily and in bad faith refused to give written orders for such changes and additional work, and, although insisting upon the performance of such extra work, refused to give to plaintiff written orders for such work or material upon demand, "and further, by its said acts and the acts of its said architect in connection with said work, waived, ignored, and abandoned the provisions of said contract with reference to such extra work." The complaint further charges that the architect collusively, in bad faith, unreasonably, and in fraud, refused to certify the performance

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and furnishing of such extra work and materials, although requested by plaintiff to do so.

[2, 3] The demurrer admits such inference as may be reasonably drawn from material facts properly pleaded (Avon Springs v. Weed, 119 App. Div. 560, 104 N. Y. Supp. 58), but does not admit conclusions of law (Blum v. Whitney, 185 N. Y. 232, 77 N. E. 1159; Burdick v. Chesebrough, 94 App. Div. 532, 88 N. Y. Supp. 13). While the allegation that the defendant waived and abandoned the provisions of the contract is a conclusion of law (Potts v. Lambie, 138 App. Div. 144, 122 N. Y. Supp. 935), the present averment is that such abandonment was by its said acts, referring to the previous charges of bad faith, collusion, and improper interpretation of the requirements of the drawings and specifications. Where a contract contains such an absolute provision amounting to a condition precedent against liability, the elements of waiver must be distinctly pleaded because on them the right to recover wholly depends (Ryer v. Prudential Ins. Co., 85 App. Div. 7, 82 N. Y. Supp. 971).

[4] The present averments do not show that the defendant in any way renounced its previous contract, or by conduct substituted a new contract, or dispensed with the performance of something which it had a right to exact. On the contrary, the complaint implies that, instead of renouncing any rights, the defendant and its architect insisted on all their original rights, even to the point of unreasonable and excessive claim under the contract. These facts do not indicate any waiver, but, on the contrary, an attitude the opposite of giving up rights to which it was entitled. The charge of refusing to give the order in writing in collusion and bad faith, as alleged, clearly negatives a waiver.

The demurrer to the second cause of action is therefore sustained, with costs.

Argued before JENKS, P. J., and HIRSCHBERG, WOODWARD, BURR, and RICH, JJ.

G. H. D. Foster, for appellant.
Henry A. Rubino, for respondent.

JENKS, P. J.   The opinion of Putnam, J., at Special Term, is entirely satisfactory and renders superfluous any further discussion of the subject-matter thereof.

[5] We need but notice the point pressed here—that the pleading demurred to may be sustained on the theory of breach of contract. The essential features of that pleading are stated in the opinion of Putnam, J.   The matter pleaded is so far without the limits of the contract that there cannot be question for fair debate and doubt upon that subject, and hence the theory of breach of contract cannot be sustained.   See Borough Const. Co. v. City of New York, 200 N. Y. 157, 93 N. E. 480, 140 Am. St. Rep. 633; Molloy v. Village of Briarcliff Manor, 145 App. Div. 491, 129 N. Y. Supp. 929.

The interlocutory judgment should be affirmed, with costs, with leave to the plaintiff to plead over upon payment of costs.   All concur.