(159 App. Div. 485.)

## TRAITEL MARBLE CO. v. BROWN BROS., Inc.

(Supreme Court, Appellate Division, First Department.    December 5, 1913.)

1. CONTRACTS (§ 232*)—BUILDING CONTRACTS—CHANGES—NECESSITY OF WRITING.

A provision of a building contract that no alterations should be made in the work except upon written order of the architect, unless waived, was controlling.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1071–1094; Dec. Dig. § 232.*]

2. CONTRACTS (§ 232*)—BUILDING CONTRACTS—CHANGES—NECESSITY.

A provision of a building contract that no alterations should be made in the work except upon written order of the architect could be waived by writing or by conduct.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1071–1094; Dec. Dig. § 232.*]

3. CORPORATIONS (§ 400*)—OFFICERS—IMPLIED AUTHORITY.

The general officers of a business corporation are impliedly held out to the public as having authority to act in accordance with the general usage and practice of such corporations, and of the business in which the particular corporation is engaged, and their acts within the scope of an authority to be presumed from such conditions bind the corporation in favor of persons possessing no knowledge of a lesser authority, and who are not in possession of facts sufficient to put a prudent man on inquiry.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1587, 1590, 1591; Dec. Dig. § 400.*]

4. CORPORATIONS (§ 432*)—OFFICERS—IMPLIED AUTHORITY.

As a general rule, an officer of a corporation is prima facie presumed to have only such authority as is usually incident to his particular office.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1717, 1718, 1724, 1726–1735, 1737, 1743, 1762; Dec. Dig. § 432.*]

5. CORPORATIONS (§ 429*)—OFFICERS—IMPLIED AUTHORITY.

Persons dealing with the officers and agents of a corporation are bound to take notice that their powers are derived from statutes, by-laws, or usages which more or less define the extent of their authority, and in doubtful cases they must at their peril acquaint themselves with the exact extent of such authority.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1720–1723, 1725; Dec. Dig. § 429.*]

6. CORPORATIONS (§ 406*) — BUILDING CONTRACTS — CHANGES — NECESSITY OF WRITING.

Where a building contract which provided that no alterations should be made in the work except upon written order of the architect named as the architect, the secretary, and treasurer of the owner which was a corporation, the contractor could not rely on his presumed authority as secretary and treasurer to authorize changes, but was bound to take notice that such authority had been withdrawn and that for the purposes of that contract he had authority to act only as architect, and hence his verbal authorization of changes did not protect the contractor.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1611–1614; Dec. Dig. § 406.*]

7. CORPORATIONS (§ 432*)—BUILDING CONTRACTS—ACTIONS—EVIDENCE.

In an action on a building contract defended on the ground that the contractor had made changes in the work not authorized by the architect

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

in writing as required by the contract, evidence as to the number of shares of stock of the corporate owner of the property owned by the officer who verbally authorized such changes not directed to a state of facts tending to show that he and the corporation were practically identical, that he had full personal charge of its business, and that his general powers were unlimited, was properly excluded, as no presumption of authority could be drawn from proof merely of the number of shares of stock held by him.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1717, 1718, 1724, 1726–1735, 1737, 1743, 1762; Dec. Dig. § 432.*]

Laughlin, J., dissenting.

Appeal from Appellate Term, First Department.

Action by the Traitel Marble Company against Brown Brothers, Incorporated. From a judgment of the Appellate Term, affirming a judgment of the City Court dismissing the complaint, plaintiff appeals. Affirmed.

See, also, 142 N. Y. Supp. 1148.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, DOWLING, and HOTCHKISS, JJ.

Norbert Heinsheimer, of New York City, for appellant.
Royal E. T. Riggs, of New York City, for respondent.

HOTCHKISS, J. The action is for a balance due under a building contract. The complaint alleges that the specifications provided for hydraulic tile, but that by subsequent agreement quarry tile was substituted, and that the contract as thus modified was performed. The contract named one Brown as architect, and contained the usual provision that "no alterations shall be made in the work except upon written order of the architect." Plaintiff offered testimony tending to show a verbal arrangement with Brown for the substitution of the quarry tile, and also showed that at the time of such arrangement Brown was secretary and treasurer of the defendant company. The complaint was dismissed on the ground that plaintiff had not shown that the substituted tile was furnished upon the "written order" of the architect.

[1, 2] I think the judgment should be affirmed. Unless compliance therewith was waived by the defendant, the provision that there should be no change in the work as fixed by the specifications except upon the written order of the architect, was controlling. Langley v. Rouss, 185 N. Y. 201, 77 N. E. 1168, 7 Ann. Cas. 210. Such waiver might have been by writing or by conduct. Carlin Const. Co. v. N. Y. B. & B. Co., 149 App. Div. 919, 134 N. Y. Supp. 493; Kelly v. St. Michael's R. C. Church, 148 App. Div. 767, 773, 133 N. Y. Supp. 328.

[3-5] The appellant insists that the fact that Brown was secretary-treasurer of the company as well as the architect named in the contract is available as evidence of waiver. I think not. Broadly stated, the rule is that the general officers of a business corporation are impliedly held out to the public as having authority to act in accordance with the general usage and practice of such corporations and of the business in which the particular corporation is engaged, and that their acts, within the scope of an authority to be presumed from such conditions,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

will bind the corporation in favor of persons possessing no knowledge of a lesser authority, or who are not in possession of facts sufficient to put a prudent man upon inquiry. These rules are, of course, as against the corporation, subject to such further limitations as may arise in circumstances which justify the application of the doctrine of estoppel or of ratification, in which cases, although the authority of the agent is not extended, the right of the corporation to deny responsibility is taken away. It is also the general rule that an officer of a corporation is prima facie presumed to have only such authority as is usually incident to his particular office; the treasurer to act with respect of the finances, the secretary to keep the records, etc. In 10 Cyc. Law & Pro. 940, these rules are well stated and ample authority cited in their support. In this state, the Court of Appeals has apparently placed the secretary within the category of general officers whose authority is presumed to be as broad as that of the president himself, and has ascribed to each of these officers prima facie authority to do any act which the board of directors could authorize or ratify. Hastings v. Brooklyn Life Ins. Co., 138 N. Y. 473, 479, 34 N. E. 289. Whatever the law on this subject may ultimately be declared to be, nevertheless, the general proposition holds true that persons dealing with the officers and agents of a corporation are bound to take notice that their powers are derived from statutes, by-laws, or usages which more or less define the extent of their authority, and in doubtful cases, one must at his peril acquaint himself with the exact extent of that authority. As illustrations of this rule, see First Nat. Bank of Lyons v. Ocean Nat. Bank, 60 N. Y. 278, 291, 19 Am. Rep. 181; Alexander v. Cauldwell, 83 N. Y. 480; Wilson v. Kings Co. E. R. R. Co., 114 N. Y. 487, 491, 492, 21 N. E. 1015; Jemison v. Citizens' Svgs. Bank, 122 N. Y. 135, 141, 25 N. E. 264, 9 L. R. A. 780, 19 Am. St. Rep. 482.

[6] It must be clear therefore that conceding the general power of Brown as secretary-treasurer, under ordinary circumstances, to bind defendant in the matter of the alleged alteration of the contract and to orally authorize the substitution of one class of tile for another, since by the written agreement of the parties Brown was nominated as architect of the work in question and his authority to change the contract expressly limited to changes authorized by him in writing, I think this was sufficient notice to plaintiff that, for the purposes of this contract, Brown's general authority to act in his capacity as an officer of defendant was withdrawn, and that he was nominated to act only in his special capacity as architect and under the limitations imposed by the contract. In short, plaintiff was bound to take notice when Brown orally authorized the substitution of one kind of tile for another, that he was representing defendant as architect and not as secretary-treasurer, and that under the contract he had no authority so to act. In such circumstances, for plaintiff to rely on a presumption of authority in Brown arising from his position as an officer of the company would wholly ignore his special agency as architect and the express limitations attached by the agreement to his acts in that capacity.

[7] It is also urged as ground for reversal that the court erroneously

excluded questions tending to show the number of shares of defendant's stock held by Brown. No error can be predicated of this ruling. Had the evidence been directed to a state of facts tending to show that Brown and the corporation were practically identical, or that he had full personal charge of the business of the company, and that his general powers were unlimited, the evidence might have been competent (Oakes v. Cattaraugus Water Co., 143 N. Y. 430, 38 N. E. 461, 26 L. R. A. 544; Phillips v. Campbell, 43 N. Y. 271); but the evidence offered, standing alone, was not proof of any such fact, for no presumption of any such extended authority could be drawn by proof merely of the number of shares of stock held by him.

Judgment affirmed, with costs.

INGRAHAM, P. J., and McLAUGHLIN and DOWLING, JJ., concur. LAUGHLIN, J., dissents.