EDWARD U. NATHAN, Plaintiff, *v.* REGENT LAUNDRY SERVICE, INC., Defendant.

City Court of New York, Bronx County, March 14, 1933.

*Bregman & Bregman*, for the plaintiff.

*Jacob M. Mandelbaum*, for the defendant.

DONNELLY, J. It may be, as the defendant's counsel urges, that by the defendant's by-laws the defendant's secretary was merely a ministerial officer whose duties were limited strictly to the per-

formance of such work as was merely secretarial in character. The defendant offered no evidence of what its by-laws prescribed as to its secretary's functions. There was evidence to show that the defendant's secretary's activities were not confined to duties of a clerical nature. And two witnesses were called by the plaintiff, each of whom testified that he had been hired and discharged by defendant's secretary. Neither of these witnesses was cross-examined by defendant's counsel upon this subject. It has been held that a by-law of a corporation providing that its secretary should not do anything that was not strictly secretarial in character is of no force as a limitation *per se* as to a person not a member of the corporation of an authority which, except for the by-law, would by construed as within the apparent scope of the secretary's authority. (*Shpunt* v. *Machinery Merchants, Inc.*, 112 Misc. 457.) In the instant case the contract of employment entered into with the plaintiff clearly was within the scope of the powers of the defendant's secretary. For many purposes the officers and agents of a corporation may employ persons to perform services for it, and such employment, being within the scope of the agents' or officers' duty, binds the corporation. (*Hooker* v. *Eagle Bank of Rochester*, 30 N. Y. 83, 86.) In *Bacon* v. *Montauk Brewing Co.* (130 App. Div. 737, 743) the court said: " The trend of modern decisions with respect to the authority of the officers of business corporations when the interests of third parties dealing with the corporation come in question has been to extend rather than to restrict their powers, and the former strict rule announced in *Bangs* v. *National Macaroni Co.* (15 App. Div. 522, and cases cited) has not been adhered to." In *Traitel Marble Co.* v. *Brown Bros., Inc.* (159 App. Div. 485, 487) it was said: " In this State the Court of Appeals has apparently placed the secretary within the category of general officers whose authority is presumed to be as broad as that of the president himself, and has ascribed to each of these officers *prima facie* authority to do any act which the board of directors could authorize or ratify." (Citing *Hastings* v. *Brooklyn Life Ins. Co.*, 138 N. Y. 473, 479.)

The defendant's motion to set aside the verdict is denied, with an exception. Ten days' stay of execution and thirty days to make and serve a case allowed.