AGNES KING, Respondent, *v.* GEORGE H. VAN VLECK
Appellant.

While in a technical sense, upon default in payment of a mortgage upon
a policy of life insurance, the legal title vests absolutely in the mortgagee,
it is subject to the right of the mortgagor to redeem, which right can
only be cut off by the mortgagee by taking some proceedings, adequate
in law for that purpose; when no such proceedings have been taken and
the mortgagee has, upon the death of the mortgagor, collected the amount.
of the insurance, whoever has succeeded to the rights of the latter is
entitled to the amount collected, less the debt to secure which it was
mortgaged, together with premiums and expenses of collection paid by
the mortgagee, with interest.

To enforce such right a technical action to redeem is not necessary, but an
action as for money had and received is proper.

In such an action the trial was proceeded with before a jury without any
objection until the close of plaintiff's case, when defendant's counsel
moved for a nonsuit on the ground, among others, that if any cause of
action was established it was an equitable one, and no issues having
been framed or settled there could be no question of fact for a jury,
which motion was denied. *Held*, no error; that it was then too late to
interpose the objection

*It seems* that, as the complaint demanded a judgment for money only, it
was properly triable before a jury. (Code of Civil Pro § 968.)

(Submitted April 19, 1888; decided April 24, 1888.)

APPEAL from judgment of the General Term of the Supreme
Court in the fifth judicial department, entered upon an order
made April 17, 1886, which affirmed a judgment in favor of
plaintiff entered upon a verdict. (Reported below, 40 Hun, 68.)

The nature of the action and the material facts are stated
in the opinion.

*Williams & Potter* for appellant. The mortgagor having
failed to pay his loan at maturity, his legal title to the policy
was extinguished, and an action at law could not thereafter
be maintained by the mortgagor, or his personal representa-
tives, to recover the property or any part thereof. (*Bragle-
man* v. *Daue*, 69 N. Y. 74; *Parish* v. *Wheeler*, 22 id. 511;
*Fuller* v. *Acker*, 1 Hill, 473; *Charter* v. *Stevens*, 3 Denio, 33;

Olcott v. Tioga R. R. Co., 40 Barb. 179; Champlin v. Johnson, 39 id. 606; Brown v. Bement, 8 Johns. 96; Smith v. Aker, 23 Wend. 109; Rogers v. Traders' Ins. Co., 6 Paige, 587.) The remedy of the plaintiff, if any existed, was an equitable one to permit the mortgagor to redeem, notwithstanding the default. (Stoddard v. Denison, 2 Sweeny, 64; Burdick v. McVanner, 2 Denio, 170; Farwell v. Importers' Bk., 90 N. Y. 483; Vermilyea v. Palmer, 52 id. 471; Carroll v. Deimel, 95 id. 252; Ward v. Plato, 23 Hun, 402.) The remedy of the plaintiff, if she had one, was by a suit in equity to redeem, notwithstanding the default. (Hammond v. Morgan, 101 N. Y. 179; Learned v. Tillotson, 97 id. 1; Carroll v. Deimel, 95 id. 252; Ward v. Plato, 23 Hun, 402; Vermilyea v. Palmer, 52 N. Y. 471; Colie v. Tifft, 47 id. 119; Chapin v. Thompson, 58 How. Pr. 46; Wallace v. Am. Linen Thread Co., 16 Hun, 404; Brown v. Clifford, 7 Lans. 46.)

Geo. M. Osgoodby for respondent. The delivery of personal property by a debtor to his creditor as collateral security for a debt is a "pledge" of such property, and the creditor does not become owner of said pledge, but simply has power to sell the same in manner provided by law to reimburse himself for his debt, interest and expenses. The residue belongs to the debtor. (Story Eq. Jur. §§ 1008, 1009, 1031; Wheeler v. Newbold, 16 N. Y. 396–398; 2 Kent's Com. 581; Sterns v. Marsh, 4 Den. 227.) Such creditor cannot sell or convey the property so pledged until he has first called upon the debtor to redeem the pledge, and having first made a demand for the payment of his debt. (Sterns v. Marsh, 4 Den. 227; Bryan v. Baldwin, 52 N. Y. 232; Hart v. Ten Eyck, 2 Johns. Ch. 100; Patchin v. Pierce, 12 Wend. 61; Cortelyou v. Lansing, 2 Cai. Cas. 204; McLean v. Walker, 10 Johns. 472; Gay v. Morse, 34 Cal. 125; Bank of British Columbia v. Marshall, 11 Fed. Rep. 19–27; Langdon v. Buel, 9 Wend. 80; Haskins v. Patterson, Edm. Select Cas. 120; Atwater v. Mower, 10 Vt. 75; Wilson v. Knapp, 70 N. Y. 596; Coty v. Barnes, 20 Vt. 78; Conner v. Carpenter, 28

id. 237; *Ward* v. *Sumner*, 5 Pick. 59; *Pratt* v. *Styles*, 9 Abb. [N. S.] 150.) Nothing but a foreclosure on the part of the mortgagee will bar the right of the mortgagor or his legal representatives to redeem, even though default has occurred on the law day. (Willard's Eq. Jur. 447, 448; Story's Eq. Jur. [6th ed.] §§ 1023, 1030, 1031, 1032; *Pratt* v. *Styles* (*supra*); *Garlich* v. *James*, 12 Johns. 146; *Charter* v. *Stevens*, 3 Denio, 33; *Brown* v. *Rich*, 40 Barb. 32; *Barry* v. *Bennett*, 7 Metc. 354; *Patchin* v. *Pierce*, 12 Wend. 61; *Hinman* v. *Judson*, 13 Barb. 529; 1 Parsons on Contracts, 569, note; *Cortelyou* v. *Lansing*, 2 Caines' Cases, 200.) No tender was necessary in the case at bar, as the mortgage debt was fully paid before the commencement of the action from the moneys received on the policy from the insurers. (*Bank of British Columbia* v. *Marshall*, 11 Fed. Rep. 19; *Walker* v. *Staples*, 5 Allen, 34; *Whittaker* v. *Sumner*, 20 Pick. 399; *Hazzard* v. *Loring*, 10 Cush. 267; *Kimball* v. *Hildreth*, 8 Allen, 167; *Bright* v. *Wagle*, 3 Dana [Ky.] 252–257; *Ely* v. *Hooper*, 1 Pennypacker, 175 [Pa.]; *Dewey* v. *Bowman*, 8 Cal. 145; *United States* v. *New Orleans*, 98 U. S. R. 381; *Lary* v. *National Trust Co.*, 4 Week. Dig. 56; *Briggs* v. *Bryan*, 8 id. 259; Story on Bailment, § 286; 2 Bouvier Law Dict. 340; *Mathew* v *Sheehan*, 69 N. Y. 585.)

EARL, J. The material facts as established by the evidence in this action are as follows: On the 13th day of August, 1868, Sidney B. King procured from the Connecticut Life Insurance Company a policy of insurance upon his life for $2,000, payable upon the occurrence of his death to his executors or administrators. On the 18th day of March, 1879, King mortgaged the policy to the defendant, to secure the payment of $500, and interest in one year from the date of the mortgage. King died on the 22d of October, 1882, leaving a will, by which he bequeathed to the plaintiff, his wife, and to his mother, each a one-fourth interest in the life policy, and the other half of the policy he bequeathed to one Kerr, whom he appointed executor of his will. The policy

remained in force at his death, and the $500 for which the
defendant held the policy as security had not been paid.
Proper proofs were furnished to the insurance company of
the death of King, and on the 27th day of February, 1883,
it gave its draft for the sum due on the policy, to wit.,
$1,939.43, payable to the order of Kerr, as executor, and the
defendant, as assignee. That draft was indorsed by the payees
named therein, and the amount thereof was paid to the
defendant. The executor and the mother of King assigned
their interest in the policy and the money paid thereon to the
plaintiff. She then demanded the money or some portion
thereof from the defendant, and he declined to pay her any
of it. She then commenced this action, in which, among
other things, she alleged that the indebtedness from her hus-
band to the defendant, which had been secured by the assign-
ment of the policy, was paid in the lifetime of her husband,
and she claimed from the defendant the sum of $2,000,
alleged to have been received by him from the insurance com-
pany and demanded judgment for that sum, with interest and
costs. The defendant in his answer admitted that the policy
was delivered to him as collateral security for the payment of
$500 and interest, and that he had received from the insur-
ance company, in payment and discharge of the policy, the
sum of $1,939.43; and he alleged that before the death of
King, in consideration of the sum of $45 paid by him, King
waived, released and abandoned to him all his right, title and
interest in and to the policy of insurance, and to all sums that
might be realized thereon; and that thereby he, the defend-
ant, became the absolute owner of the policy. He also
alleged that he had paid for premiums upon the policy $74.41
and $250, expenses of procuring payment upon the policy
from the insurance company.

Upon the trial of the action no evidence whatever was given
showing that the testator, in consideration of the sum of $45
or any other sum, had released or assigned his interest in the
policy to the defendant. The case was submitted to the jury
and they rendered a verdict in favor of the plaintiff for

$1,270.10, thus showing that they allowed to the defendant the indebtedness of $500 and interest thereon, and in the neighborhood of $200 besides.

Upon the undisputed facts it is very obvious that the plaintiff was entitled to recover. By the money received from the insurance company the debt of King was fully paid and satisfied, and thereafter the defendant had no right whatever to retain any of the balance, except what he had paid for premiums and his expenses. By the default of King to make payment of his indebtedness the title of the defendant to the policy of insurance did not become absolute. While in a technical sense the legal title became then absolutely vested in the defendant, it was subject to the right of redemption on the part of King, and that right of redemption could be cut off by the mortgagee only by taking some proceedings adequate in law for that purpose. No such proceedings were taken by him, and the plaintiff, who had succeeded to all the rights of the mortgagor and stood in his place, had the right to claim from the defendant the balance of the amount realized on the policy after deducting the debt and interest, together with the premiums and expenses which he had paid. The mortgage must be deemed to have been paid by the money received by the defendant upon the policy, and he held the balance for the plaintiff, and became indebted to her therefor. To hold that a technical action to redeem was necessary in such a case would be to sacrifice substance to form, under a system of pleadings where mere forms count for but little.

The facts set forth in the complaint show that the plaintiff was entitled to the relief she claimed. The action is substantially for money had and received, and it is impossible to perceive why that was not a proper action. (*Cope* v. *Wheeler*, 41 N. Y. 303.) The precise relief to which the plaintiff was entitled was the balance of money due her, and she was entitled to no other relief and needed no other. That balance was easily ascertainable, and the peculiar machinery of an equity court was not needed to ascertain it.

The cause proceeded to trial at a Circuit Court before a jury without any objection whatever. At the close of plaintiff's case defendant's counsel moved for a nonsuit upon the following grounds: "First. That the plaintiff had not established any legal cause of action. Second. That the plaintiff had failed to establish any cause of action. Third. On the ground that if the plaintiff has introduced any proof establishing or tending to establish any cause of action it is an equitable one, and she is entitled to relief in equity and not at law. That no issues have been framed or settled herein, and there can be no submission to the jury of any question of fact." The court denied the motion and very properly It was too late at that stage of the case for the defendant to interpose an objection that the action should have been tried as one in equity and not at law. But further, as the complaint demanded a judgment for money only, the case was properly triable before a jury. (Code, § 968.)

According to the evidence the jury by their verdict seems to have done precise justice between the parties, and the judgment entered thereon should not be disturbed. The very able and satisfactory opinion delivered at the General Term renders it unnecessary that more should be written now.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.