### SHARP *v.* ROSE.

*(Supreme Court, General Term, First Department.* November 18, 1892.)

ASSUMPSIT—INSURANCE—PLEADING.

    Where a life insurance policy is assigned as collateral security for a debt, and the amount of the policy is paid to such creditor by the insurance company, the surplus, after satisfaction of the debt, may be recovered in an action for money had and received. *King* v. *Van Vleck*, 16 N. E. Rep. 547, 109 N. Y. 363, followed.

Appeal from circuit court, New York county.

Action by Ann Sharp, as administratrix of James Sharp, against George L. Rose, on an insurance policy on James Sharp, held as collateral security for money loaned. From a judgment entered on verdict for plaintiff directed by the court, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and O'BRIEN, J.

*Gruber & Landon,* (*Abraham Gruber* and *Alfred R. Page,* of counsel,) for appellant. *Rothschild & Hoff,* for respondent.

O'BRIEN, J. The complaint alleges the death of James Sharp, the granting of letters of administration to the plaintiff, and "that on or about May 8, 1891, the defendant above named received and collected, to and for the use and benefit of said plaintiff, from the Mutual Life Insurance Company, the sum of fourteen hundred dollars, which said sum the defendant retains, and, though demanded, refuses to pay." Upon the trial, evidence was given by plaintiff tending to support the view that a policy of insurance taken out upon the life of James Sharp had, through certain mesne assignments, been assigned to the defendant as collateral security for money loaned, and that the sum demanded in the complaint was received by the defendant from the insurance company over and above what was required to fully pay and satisfy his debt, and interest thereon. The defendant introduced no evidence, and to defeat a recovery relied upon two grounds: (1) That the plaintiff seeks to recover on an entirely different cause of action than that stated in the complaint, and inconsistent with it; and (2) that the testimony failed to prove any contract between the defendant and the decedent that the policy was assigned as collateral security, it tending merely to prove that the defendant had received a certain amount of money from the insurance company to his own use, and not to the use and benefit of the plaintiff. The form of action adopted in framing the complaint is the old common-law form for money had and received; and it is insisted by the appellant that, as the cause of action sought to be proven required equitable relief in two particulars,—namely, (*a*) to have an absolute assignment declared to be a pledge for collateral security, and (*b*) for an accounting, the debt being unliquidated, and the defendant having made advances,—therefore there was an inconsistency between the

pleadings and the proof. This objection cannot now be regarded as a novel one, in view of the decisions of *Everitt* v. *Conklin*, 90 N. Y. 645; *King* v. *Van Vleck*, 109 N. Y. 363, 16 N. E. Rep. 547; *Roberts* v. *Ely*, 113 N. Y. 128, 20 N. E. Rep. 606; *Place* v. *Hayward*, 117 N. Y. 487, 23 N. E. Rep. 25; and *Chapman* v. *Forbes*, 123 N. Y. 532, 26 N. E. Rep. 3. The case of *King* v. *Van Vleck*, *supra*, is a direct authority holding that where a policy of life insurance is assigned as collateral security for a debt, and the claim of the creditor is satisfied by the receipt of the amount due from the insurance company, the surplus may be recovered in an action for money had and received. This also disposes of the claim that the title of the mortgagee or pledgee, though in a technical sense it became absolutely vested in him, was not subject to the right of redemption until some proceeding adequate in law for that purpose was taken by the mortgagee to cut off such right. As said in that case: "The mortgage must be deemed to have been paid by the money received by the defendant upon the policy, and he held the balance for the plaintiff, and became indebted to her therefor. To hold that a technical action to redeem was necessary in such a case would be to sacrifice substance to form, under a system of pleadings where mere forms count for but little. The facts set forth in the complaint show that the plaintiff was entitled to the relief she claimed. The action is substantially for money had and received, and it is impossible to perceive why that was not a proper action. The precise relief to which the plaintiff was entitled was the balance of money due her, and she was entitled to no other relief, and needed no other. That balance was easily ascertainable, and the peculiar machinery of an equity court was not needed to ascertain it." It is true that in most, if not all, the cases above referred to, the facts were very fully set forth. But neither at common law nor under our code system of pleading is it absolutely essential that such facts should be fully set forth. The Code requires (section 481) "a plain and concise statement of the facts constituting each cause of action."

The complaint here concisely stated that the plaintiff had received moneys from the insurance company which belonged to her. If there was any uncertainty or indefiniteness,—though we fail to see how there could be,—the defendant had his remedy. The complaint stated a good cause of action, and under such a form of action it has always been competent to prove that "a person has money in his hands which belongs to another, no matter how he came into possession of it, and upon which he has no legal or equitable claim, as against the true owner, and which he has no right to hold as against the true owner." 4 Wait, Act. & Def. p. 508, § 30. The whole subject is very fully and ably discussed in *Roberts* v. *Ely*, *supra*, wherein it is said, (page 131, 113 N. Y., and page 607, 20 N. E. Rep.:) "The action for money had and received to the use of another is the form in which courts of common law enforce the equitable obligation. The scope of this remedy has been gradually extended to embrace many cases which were originally cognizable only in courts of equity." We are of opinion, therefore, that there was no variance or inconsistency between the cause of action alleged in the complaint and that sought to be established by the evidence.

The other question, however, still remains, as to whether the evidence sufficiently established a cause of action. This is presented upon defendant's motion to dismiss the complaint, which was denied, and to which denial the defendant excepted. It is unnecessary for us to detail the facts proven, it being sufficient to say that the inferences to be drawn therefrom were clearly susceptible of, and only consistent with, the view adopted by the learned trial judge in directing a verdict, namely, that the defendant had obtained an absolute assignment of the policy of insurance, which he held as security for money loaned, which, when returned to him out of the payment made by the insurance company upon the policy, still left a balance, which in equity and

justice should have been returned to the plaintiff, and for which a verdict was directed. Some slight testimony which was objectionable crept into the case, over the defendant's exception, but upon an examination it can be seen that it in no way prejudiced the defendant, the case not having been submitted to the jury, and the facts remaining being sufficient to sustain the direction made by the court. We are of opinion, therefore, that the judgment should be affirmed, with costs and disbursements.

VAN BRUNT, P. J. I concur. The defendant did not raise at the trial the question as to the previous assignments, and it is too late now to avail himself of that objection to plaintiff's right of recovery.