(80 App. Div. 413.)

BROWN v. CONE.

(Supreme Court, Appellate Division, Second Department.  March 20, 1903.)

1. APPEAL—FINDINGS OF TRIAL COURT—CONCLUSIVENESS
    Where the evidence was conflicting, a finding cannot be disturbed on appeal, when not clearly against the weight of the evidence.

2. PRINCIPAL AND AGENT—ESTABLISHMENT OF RELATION—EVIDENCE.
    The testimony of an alleged agent as to the actual transactions between the parties, tending to establish the relation of principal and agent between himself and the principal, is admissible.

Appeal from Municipal Court, Borough of Brooklyn, Fifth District.

Action by Harry D. Brown against Madge Cone.  From a judgment for plaintiff, defendant appeals.  Affirmed.

Argued before BARTLETT, JENKS, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

Richards Mott Cahoone, for appellant.
O. F. Finnerty, for respondent.

WILLARD BARTLETT, J.  The plaintiff has prevailed in this action, which was brought to recover half the hire of a railway car secured at the instance of the alleged agent of the defendant for the transportation of certain race horses from Chicago to New York. This agent was the defendant's reputed husband.  He had charge of the race horses at Chicago, and according to his testimony he owned an interest of one half in the animals, while the defendant owned the other half.  While she denies his authority to make a contract in her behalf for the shipment of the horses, and while he denies

that he made any such contract through the person who actually agreed with the plaintiff to take half the car (for which the plaintiff paid $300), there is sufficient evidence the other way to sustain the judgment. The testimony of the reputed husband, Mr. Van Praag, who was called as a witness by the defendant, showed that he was intrusted by her with the absolute charge of such interest as she had in the horses. "I did what I wanted to," he said, "but I told her about it." He shipped the horses to Chicago, making all the arrangements himself; and I think that, under all the circumstances disclosed by the evidence, the municipal court judge was justified in holding that Mr. Van Praag had not only apparent, but actual, authority to enter into a binding agreement for the return of the animals to the East. As to the question whether he actually sanctioned the hiring of half the car, the proof was conflicting, and we cannot disturb the affirmative finding, inasmuch as it is not clearly against the weight of evidence.

The objection of the appellant to the testimony of the witness Bryan, who did the hiring, as to his authority from Mr. Van Praag, was not well taken. The unsworn declarations of an alleged agent are not admissible to establish his agency as against the alleged principal; but this rule does not exclude his testimony under oath as to the actual transactions between the parties tending to establish the relation of principal and agent.

The judgment should be affirmed.

Judgment of the municipal court affirmed, with costs. All concur.