STEUERWALD v. JACKSON.

(Supreme Court, Appellate Division, Second Department. January 10, 1908.)

1. LANDLORD AND TENANT—RECOVERY OF POSSESSION BY LANDLORD—SUMMARY PROCEEDINGS—FINAL ORDER.

Under Code Civ. Proc. § 2249, there is no judgment in a summary proceeding in the Municipal Court of New York City to recover possession of land; such proceeding being closed by a final order.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Landlord and Tenant, §§ 1319, 1320.]

2. PRINCIPAL AND AGENT—EVIDENCE AS TO AUTHORITY—DECLARATIONS AND TESTIMONY OF AGENT.

While an agency, as against the principal, cannot be established, by the declarations of the agent, it may be proved by his testimony.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 40, Principal and Agent, §§ 39, 40.]

3. SAME—IMPLIED AUTHORITY.

An agent who has power to rent premises has the power to renew the lease.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 40, Principal and Agent, § 264.]

Appeal from Municipal Court, Borough of Brooklyn, Third District.

Action by Anna M. Steuerwald against John W. Jackson. From an order of the Municipal Court denying a motion to set aside the verdict and for a new trial, plaintiff appeals. Affirmed.

Argued before JENKS, HOOKER, RICH, MILLER, and GAYNOR, JJ.

William O. Miles, for appellant.
J. Edward Murphy, for respondent.

JENKS, J. This is a summary proceeding by landlord against tenant. The tenant answered that he held under a renewal of his year's lease for an additional year. The issue thus joined was tried before a jury. The verdict was for the tenant. This appeal is from an order refusing to set aside the verdict and to order a new trial.

There is no appeal from any final order. An appeal is taken also from the "judgment." There is no judgment, technically speaking; for the termination of such proceeding is a final order. Section 2249, Code Civ. Proc.

The tenant relied upon a parol lease for one year in renewal of an existing written lease for one year, and his testimony is that such renewal was made by the agent of the landlord, who was her husband. The appellant insists that there is failure of proof of agency. It is true, as contended, that agency as against the principal cannot be established by the declarations of the alleged agent. But this rule often misleads to the contention that such agency cannot be proved by the testimony of the agent, which is not the rule. Brown v. Cone, 80 App. Div. 414, 81 N. Y. Supp. 89; 2 Greenleaf on Evidence (15th Ed.) § 63. The landlord called her husband as a witness, and he testified upon his examination that he was the agent of the premises and that he had been in charge of renting them for two years—a period covering the time when the alleged renewal was given. As such an agent he had authority to rent the premises for one year (McAdam on Landlord and Tenant, § 253, and authorities cited), as he had done. And I think that he also, as such agent, had the right to renew the lease for a year. Pittsburg Mfg. Co. v. Fidelity Title & Trust Co., 207 Pa. 223, 56 Atl. 436. The testimony as to the renewal of the lease suffices to sustain the finding of that fact by the jury.

The order is affirmed, with costs. All concur.