IRVIN v. COHEN.

(Supreme Court, Appellate Term.   March 5, 1908.)

1. PRINCIPAL AND AGENT—POWERS OF AGENT—EVIDENCE OF AUTHORITY—LANDLORD AND TENANT.

In an action for rent, defended on the ground of fraudulent misrepresentations made by an employé of agents of the landlord, the exclusion of questions to the employé, calling for facts relative to his actual duties in the employment of the agents and the apparent scope of his employment, is error, since the employé is a competent witness as to the facts from which the extent of his authority would appear.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 40, Principal and Agent, § 413.]

2. APPEAL—REVIEW—QUESTIONS DETERMINED—EXCLUSION OF EVIDENCE.

Where, in an action for rent, plaintiff answers the defense of fraudulent misrepresentations by alleging laches in disaffirming the lease, and the trial court erroneously excludes evidence to show such misrepresentations, the court on appeal cannot determine that four months was an unreasonable time for disaffirmance, since the question depends on the character of the proof showing misrepresentations.

MacLean, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Twelfth District.

Actions by Catherine Irvin against Meyer Cohen for successive installments of rent.  From two judgments for defendant, plaintiff appeals.  Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and BISCHOFF and MacLEAN, JJ.

Adolph Hirsch Rosenfeld, for appellant.
Frayer, Stotesbury & Gregg, for respondent.

BISCHOFF, J. These judgments must be reversed for error in the exclusion of evidence offered to support the defense of fraud. The actions were brought for successive installments of rent under a written lease, accruing after the defendant's abandonment of the premises, and the abandonment was sought to be justified as upon a rescission by the tenant for false representations affecting the occupancy. The lease was executed for the landlord by "Slawson & Hobbs, Agents," and the defendant endeavored to prove the making of the representations upon the part of the individual who apparently acted for this firm in the negotiations which preceded the acceptance of the tenancy. This individual, Rodenbach, was called as a witness on behalf of the defendant, and certain questions were asked him which called for facts relative to his actual duties in his employment by Slawson & Hobbs, and the apparent scope of his agency; but the evidence called for was excluded.

Necessarily the defense depended upon the authority of Rodenbach in the matter of the negotiations for this lease, and, if his agency were sufficiently broad, his representations would bind the principal. He was a competent witness as to the facts from which the extent of his authority would appear (Brown v. Cone, 80 App. Div. 413, 81 N. Y. Supp. 89), and, while it may be that his authority was of a restricted character, this was not a matter which could be determined arbitrarily, as a question of law, from the mere fact that the witness was not the firm of Slawson & Hobbs. For all that the defendant was permitted to show, Rodenbach's duties may have been of a character comprehensive of every step in the negotiations which the firm had been empowered to undertake, through its employés, to further the business of its principal, and we cannot assume that enough would not have been proven to bring the alleged representations within the reasonable scope of his actual or apparent agency. The respondent's suggestion that the rescission was too long delayed to be available as a defense overlooks the fact that the time within which the tenant could properly disaffirm would depend upon the character of what was represented and the period required to determine its falsity. As the proofs were restricted at the trial in such wise as to exclude the fact that representations were made, we cannot properly determine that a period of four months was unreasonably long for disaffirmance upon discovery of the facts.

Judgments reversed, and new trial ordered, with costs to appellant to abide the event.

GILDERSLEEVE, P. J., concurs.

MacLEAN, J. (dissenting). Opposing a claim for performance of his undertaking in a lease in writing duly executed under seal, and setting

up the rude defense of fraud, the defendant through his counsel should have produced legal evidence to support his serious allegation that the agent of the plaintiff's predecessor in title had falsely stated, as inducement to execution of the lease, to the defendant's wife (not unusually introduced as the agent of a person trying to excuse abandonment of city premises at the approach of summer time), that the apartment was in every way desirable, very quiet, without noise, or any reason why the defendant and his family could not live therein undisturbed. It was evidently borne in mind by the learned trial justice that the charge of fraud in this case imputes the purposeful commission of a tort. That cannot be presumed. It must be proved. "Allegations of fraud * * * without proof of facts * * * are of but little avail in avoiding a contract in a court of law. * * * The proof should be explicit, clear, and conclusive. Without such evidence it is not the province of a judicial tribunal to declare a contract fraudulent and void." At the outset proof was necessary of the agency of the person who talked with the defendant's wife. Without that proof, whatever he said, whatever was said to him, was, as was held, inadmissible. Agency of an agent's employé was not to be proved by admissions or declarations of the person whom the defendant claimed to have been the plaintiff's agent, and to whom he put a series of catch-as-can questions as to his duties, which, technically objectionable, were met by objections, technical it is true, but sustained in the exercise of his discretion by the trial justice, whom now to overrule would nullify the peculiar advantages which the trial tribunal possesses of determining from the appearance and demeanor of parties, counsel, and witnesses in the very atmosphere they create the consideration to be given to the incidents presented.

There is no indication that the defendant had or has any such proof. If he had, he should have proffered it in admissible form. He was not taken unawares. The case had been tried before. He knew about it, and the evidence producible. But for being put to proof of her ownership by denial, the plaintiff might have had judgment on the pleadings; for the defendant in his answers admitted that, after having signed and executed the lease, he entered into the possession of the apartment January 1, 1907, and alleged that the running of the subway trains under Broadway, upon which his apartment was located, awakened his family from sleep about 11 in the evening and half-past 5 in the morning, violently shaking the apartment for about an hour, cracking the ceilings, and becoming dangerous to life during his occupancy, down to about May, when he "abandoned the said apartment because of the fraud as above set forth that was practiced upon him." His abandonment was overlate. Precipitation was not required of him; promptitude was, upon his finding out that he had been deceived. The discovery of the deceit, the true facts of the noise and shaking, surely met on the first night, and the awakening thereby caused in the morning. He could not treat as so many new discoveries its repetition at each eventide and its renewal before each recurring dawn, and tarry for four months to abandon the premises at his own convenience. "If a party would disaffirm a contract, he must do so at the

earliest practicable moment after discovery of the cheat. That is the time to make his election, and it must be done promptly and unreservedly. He must not hesitate, nor can he be allowed to deal with the subject-matter of a contract and afterwards rescind it. The election is with him. He may affirm or disaffirm the contract; but he cannot do both, and if he concludes to abide by it, as upon the whole advantageous, he shall not afterwards be permitted to question its validity." Masson v. Bovet, 1 Denio, 69, 43 Am. Dec. 651.

Even if it be deemed that more latitude should have been allowed for the defendant's bootless essay to make out his allegation of fraud, the ultimate success of the defense being more than remote, sending it back for a new trial will let the defendant make a forced loan from the plaintiff at statutory interest, increased by costs, which may be considered a premium on the chance of escaping performance upon the new trial by death, loss of the lease, or other incident.

The judgments should be affirmed.