### TIERNAN v. HAVENS.

(Supreme Court, Appellate Division, Second Department. May 15, 1914.)

PRINCIPAL AND AGENT (§ 21*)—EVIDENCE—ADMISSIBILITY.

While declarations of an agent made out of court are inadmissible to prove his agency, the agent is competent to testify to the fact of his agency, where the fact of agency is material in a controversy between the alleged principal and a third person.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 43, 44; Dec. Dig. § 21.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Suffolk County Court.

Action by Robert S. Tiernan against George L. Havens. From a judgment for plaintiff, and an order denying new trial, defendant appeals. Reversed and remanded.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and RICH, JJ.

George H. Furman, of Patchogue, for appellant.

Warren C. Fielding, of New York City (Jeremiah T. Mahoney, of New York City, on the brief), for respondent.

PER CURIAM. Defendant made and delivered a promissory note in the sum of $500, payable to the order of F. E. Fanning. Fanning indorsed the note "without recourse," and it came into the possession of the plaintiff. Plaintiff has brought this action on the note, setting forth in his complaint that it came into his possession "in due course" and for value. Defendant answered, setting forth that the note was given for a consideration which was never performed, and that plaintiff was not a holder thereof in good faith and in due course. According to the record, the defendant gave this note to Fanning for a number of shares of mining stock at five cents a share. He never received the stock, so as between him and Fanning there was a complete failure of consideration. Defendant sought to prove that Fanning in the sale of the stock was but an agent of plaintiff, under an agreement by which plaintiff was to pay Fanning a commission on every share of stock he sold. Evidence to support this defense was excluded by the trial court, and a judgment was directed in favor of plaintiff.

On this appeal the respondent furnishes us with a large number of authorities to show that agency can never be established by declarations of the supposed agent. We do not question this elementary rule, but it has application only to declarations of the supposed agent out of court, and does not apply to the material testimony of the supposed agent in court, on the witness stand.

Judgment and order of the County Court of Suffolk county reversed, and a new trial ordered; costs to abide the event.