HUBERT KELLY, Respondent, *v.* UTICA FIRE INSURANCE COMPANY OF ONEIDA COUNTY, N. Y., Appellant.

Third Department, November 15, 1922.

**Insurance — fire insurance — house occupied by single person though he eats elsewhere not vacant so as to render policy void — verdict not compromise though less than amount of policy — evidence — contract of agency may be proven by agent — policy not transferred to plaintiff after transfer of title to him — defendant's agent had authority to consent to transfer of property — admissions and acts of defendant establish authority — failure of plaintiff to sign his examination as required by policy cannot be raised, where he was not requested to do so.**

A vacancy clause in a fire insurance policy is not violated so as to render the policy void, where the house insured is used by a single person as his dwelling, with the exception that he eats his meals at another place.

The verdict in favor of the plaintiff was not a compromise though it was not for the full face of the policy, for it appears that there were other policies covering the buildings that were burned, and that, therefore, the policy in question carried only a proportionate part of the loss which the jury fixed by their verdict.

It was not error to admit the testimony of the fire insurance agent through whom the policy was issued, to the effect that he was the agent of the defendant, for agency may be proven by the testimony of the agent.

The objection that the policy was void because of a change in title prior to the time of the attempted transfer of the insurance is not sustained by the evidence which tends to show that while the deed was executed in December, 1917, it was not delivered until March, 1918, and the consent that the interest of the

grantor be assigned to the grantee was signed by the defendant's agent on the fourteenth day of March.

While the defendant did not raise the question of its agent's authority to consent to the transfer of the insured property to the defendant, still that authority was fully established by allegations in the complaint which were not denied in the answer, by admissions in the answer of the authority of the agent, by the testimony of the agent that he had written authority and by the fact that he was held out to the public by the defendant as its agent; it is also a matter of common knowledge that the consent to transfer of property is generally given by the local agent.

The objection that the plaintiff never signed his examination as required by the policy after it was transcribed is without merit, since it appears that he never refused and in fact was never requested to sign.

Appeal by the defendant, Utica Fire Insurance Company of Oneida County, N. Y., from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Ulster on the 11th day of January, 1922, upon the verdict of a jury.

*Mills & Mills* [*James Jenkins* and *Borden H. Mills* of counsel], for the appellant.

*John R. De Vany* [*John G. Van Etten* of counsel], for the respondent.

Van Kirk, J.:

The jury rendered a verdict in favor of the plaintiff in the sum of $500. The defendant presents a number of reasons why it claims the judgment should be reversed. We will take up these propositions separately:

(1) The policy is void because the premises were vacant and unoccupied for several months prior to the fire.

The properties covered by this policy were barns and their contents; there was, however, a dwelling house upon the farm. The form of the policy is one covering both a dwelling house and barns; in the part of the form providing for insurance of a dwelling house it is stipulated that the insurance shall continue " While occupied as a private family residence; " there is a further general provision: " The entire policy * * * shall be void * * * if a building herein described * * * be or become vacant or unoccupied and so remain for ten days." The barns which were consumed contained stock and farm implements; and, if the dwelling house was used as a dwelling or home, then the buildings cannot be considered vacant or unoccupied. Kelly's wife had procured a divorce and she with her children, taking some of the furniture, had removed to Riley's place, a half a mile or more distant. Kelly retained a part of the household furniture. He cultivated his farm; kept his team of horses and stock upon the farm and

made his home there. He slept and lived in the house and conducted his business therefrom. He lived alone after the divorce. Sometimes he prepared his own meals, but more frequently took his meals at the Riley place. It cannot be held that a single person, having a house in which is his home, where he lives, though taking his meals out, is not occupying that house as a residence within the meaning and intent of the policy, or that a house so occupied by him is vacant and unoccupied. In *Halpin* v. *Phenix Ins. Co.* (118 N. Y. 165, 173) the court said: " While a dwelling-house will not be regarded as occupied unless it is the home or dwelling place of some person, yet temporary absence, leaving the property for a short period unoccupied, will not be regarded as a breach of the condition, while absence for a fixed, definite period, even with the intention to return and occupy the property, will violate the condition and render the policy void." We know no case holding that a house occupied as the insured occupied the house upon these premises is vacant or unoccupied. The cases cited by defendant are each distinguishable from this. The insured actually occupied this house as his dwelling place and made such use of it and of the barns as is ordinarily incident to farm property, which is being tilled and used as such.

(2) The verdict was clearly a compromise and the court erred in refusing the motion of both parties to set it aside.

This policy was in the amount of $800, and covered the buildings and contents. There were other policies covering these barns and contents, making the entire amount of insurance thereon $4,000. The money that could be collected was limited by the amount of the actual loss; this was in dispute. This policy carried its proportionate part of the loss; and the jury have fixed the amount of the loss chargeable against this policy at $500. The appellant cannot complain that the amount is too small.

(3) The court erred in admitting evidence of the witness Denman as to his agency.

The plaintiff's counsel asked Wilson R. Denman: " Q. You were the agent for those defendant insurance companies that issued the policies of insurance, were you not? " Appellant's counsel: " I object to that question on the ground that it is incompetent, irrelevant and no way of proving agency. It is a self serving declaration on the part of this witness and is no way of proving the agency of Wilson R. Denman." The form of the question may be faulty, but the objection is not taken that the question calls for a conclusion of the witness. Apparently the appellant has in mind the rule that the declarations of an

agent cannot be proven to establish agency. But it is always proper to call the agent himself to prove his contract of employment or agency. Although this evidence was later stricken out, there was no error in overruling the objection and allowing the answer.

(4) The policy was void because of a change in title prior to the time of the attempted transfer of the insurance and could not be revived by any act of the witness Denman.

The wife of Kelly held the title to the farm at the time the insurance was procured. She executed a deed to Kelly, which was dated in December, 1917. There was testimony, however, that this deed was not delivered until March, 1918. Mr. Kelly testifies that it was delivered on the day the consent of Denman was indorsed upon the policy. The consent that the interest of Mary J. Kelly as owner of the property covered by this policy be assigned to Hubert Kelly, was signed by W. R. Denman, agent. This was the fourteenth day of March. This was about the time that Mrs. Kelly left her husband's home; and, when the defendant sought to cancel the insurance, it certainly sent the notice to the insured; it was addressed and mailed to Mr. Kelly. We think the verdict of the jury disposes of this proposition.

(5) The questions whether plaintiff was guilty of fraud and false swearing regarding the subject of insurance, and whether or not the fire was of incendiary origin, were disposed of by the verdict of the jury and we find no sufficient reason for interfering with the findings.

(6) The appellant also attempts to raise the question of Denman's authority as agent. We do not think this question is raised by the pleadings. In the complaint it is alleged that the defendant, Utica Fire Insurance Company, on the said 14th day of March, 1918, did consent in writing to said transfer. This allegation is not denied, and it is admitted in the answer that " on or about March 14th, 1918, plaintiff presented to defendant's local agent at Ellenville, N. Y., a writing purporting to be signed by said Mary J. Kelly purporting to assign to plaintiff all her right, title and interest in and to all of said property and said policy of insurance." The copy of the policy attached to the printed case sets forth the assignment of all the interest of Mary Kelly to Hubert Kelly and a consent signed, W. R. Denman, agent, dated March 14, 1918. Also the notice of cancellation given by defendant was signed and sent by W. R. Denman, agent. It was admitted, therefore, that Denman was the local agent of the defendant company. He examined the property before the insurance was issued, and thereafter the policies were issued, and Denman is the agent named thereon. Denman also testifies that he had written authority to

act as agent and he was held out to the public by the defendant as its agent. No attempt was made to show that his authority was limited, and it is a matter of common knowledge that consent to the transfer of property is generally given by the local agent. If it were necessary to get the consent of the company through other authority than the local agent, it would be impossible to have insurance continuous upon the exchange of title to property throughout the rural districts.

(7) The plaintiff never signed his examination after it was transcribed.

The policy provides: "The insured, as often as required shall * * * submit to examinations under oath by any person named by this company, and subscribe the same. * * * No suit or action on this policy * * * shall be sustainable * * * until after full compliance by the insured with all the foregoing requirements."

Plaintiff never refused to sign it; he was never requested to sign it. The trial court properly disposed of this question.

The judgment should be affirmed, with costs.

Present — H. T. KELLOGG, Acting P. J., KILEY, VAN KIRK and HINMAN, JJ.; HASBROUCK, J., not sitting.

Judgment and order unanimously affirmed, with costs.