JOSEPH E. WELLS, Appellant, *v.* BENJAMIN CHAFFEE and Others, Respondents.

Fourth Department, January 2, 1924.

Bills and notes — action by payee on note given in part payment for automobile — defense that note was paid by return of automobile — evidence — error to admit evidence of agreement by plaintiff's sales agent that defendants could return automobile in payment of note — agent had no implied power to change terms of written contract of sale — error to admit conversation between defendants and selling agent — trial — plaintiff did not have right to open and close case.

In an action to recover on a promissory note given by the defendants to the plaintiff in part payment of the purchase price of an automobile which was sold to the defendants by an agent of the plaintiff under a written contract executed by the parties, it was error to permit the defendants to give evidence that the automobile was returned by them to the plaintiff in pursuance of an arrangement made by them with the plaintiff's sales agent that they might return the automobile in payment of the note, without further proof that the sales agent had authority to make

the arrangement and without any evidence connecting plaintiff with the arrangement in any way.

The sales agent of the plaintiff had no implied authority to change the terms of the written contract of sale so as to provide for the return of the automobile in payment of the note in question, and it was incumbent upon the defendants to know of the agent's authority and to prove it before the plaintiff could be bound by any arrangement of that kind.

It was error to admit in evidence alleged conversations by the defendants with plaintiff's selling agent in reference to returning the automobile in payment of the note, for the purpose of establishing the agent's authority to make the arrangement, which conversations were not in the presence of the plaintiff and were had without his knowledge and authority.

It was not error for the court to refuse the plaintiff permission to open and close the case, since the action is brought by the payee of a note against the makers, which note has never passed out of the payee's hands.

DAVIS, J., dissents.

APPEAL by the plaintiff, Joseph E. Wells, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Cattaraugus on the 7th day of July, 1923, upon the verdict of a jury, and also from an order entered in said clerk's office on the same day denying the plaintiff's motion for a new trial made upon the minutes.

*George A. Adams,* for the appellant.

*Orla E. Black,* for the respondents.

CLARK, J.:

This action is brought on a promissory note given to plaintiff by defendants. It was given for part of the purchase price of an automobile, and was a renewal note. When it became due one of the defendants took the car back to plaintiff's service station in Salamanca and left it, but this occurred in the absence of plaintiff.

When the car was purchased the business was done by defendants through one H. E. Waite, who was plaintiff's sales agent.

Defendants claimed on the trial that the car was returned in pursuance of an arrangement made by them with this Mr. Waite to the effect that they might return the car to plaintiff in payment of this note.

There is no claim that plaintiff was present at the time of this alleged talk with Waite, and the latter denied that he ever made any such arrangement, and plaintiff disclaimed all knowledge of it.

On the trial and over plaintiff's objection and exception defendants were permitted to give evidence as to this claimed arrangement with Waite, without proving his authority to make such an arrangement, and without connecting plaintiff with it in any way.

We think this was such a substantial error that it requires a reversal of the judgment. There was no proof that plaintiff personally made the arrangement, or that he knew anything about it, or that Waite was authorized to act for him in any way, except to sell the automobile.

Defendants claim that when they returned the car plaintiff's bookkeeper was present and was told about this arrangement, but there is no proof that he had authority to accept the car in payment of the note, or that plaintiff knew anything about the car being returned until later.

When defendants returned the automobile in pursuance of this arrangement they claimed to have made with plaintiff's selling agent and bookkeeper, it was all in plaintiff's absence, and under the circumstances it was incumbent on defendants to know of the agent's authority and to prove it before plaintiff could be bound by the arrangement. (*Dudley* v. *Perkins*, 235 N. Y. 448; *Churchill Grain & Seed Co., Inc.,* v. *Buchman*, 204 App. Div. 30.)

While the negotiations with defendants for the sale of the automobile were made with plaintiff's selling agent Waite, there was a written contract subsequently made between the parties and signed by plaintiff and the defendants. Waite was at most a special agent authorized to sell cars, and if defendants undertook to deal with him to the extent of modifying the terms of the written contract between the parties, relying on the agent's authority to do it, they were acting at the risk of being bound by the contract as it was made and signed by the parties. (*Dudley* v. *Perkins, supra.*)

When Waite sold defendants the automobile his powers were exhausted and he had no implied authority to change the written contract. (*Churchill Grain & Seed Co., Inc.,* v. *Buchman, supra;* 31 Cyc. 1360; 1 McAdam Landl. & Ten. [4th ed.] 914.) This latter author says on this subject: " An agent may have power to make a contract, without having or retaining the power of altering or rescinding it after it has been made."

Plaintiff complains that he was deprived of a substantial right by being refused permission to open and close the case. I do not think there was error in the holding of the trial court. The action was brought by the payee of a note against the makers, which note had never passed out of the payee's hands — at least, there is no allegation in the complaint to that effect. It was, therefore, not necessary to show presentment and protest and protest fees were not recoverable. (8 C. J. 1103; *Hills* v. *Place,* 48 N. Y. 520; *Bush* v. *Gilmore,* 45 App. Div. 89.)

The admission in evidence of alleged conversations with plaintiff's

selling agent Waite about returning this automobile in payment of the note, which conversations were not in the presence of plaintiff, and without his knowledge and authority, was error, for the declarations of the agent were inadmissible to establish his authority. (*Tiernan* v. *Havens*, 162 App. Div. 656; *Shesler* v. *Patton*, 114 id. 846; *Miller* v. *Barnett*, 158 id. 862.)

These errors which unfortunately crept into the case require a new trial, and it will not be necessary to discuss the other points raised by the exceptions.

The judgment and order should be reversed upon the law, and a new trial granted, with costs to the appellant to abide event.

All concur, except DAVIS, J., who dissents and votes for affirmance.

Judgment and order reversed on the law and new trial granted, with costs to appellant to abide event.