GRAND ALLEN HOLDING CORPORATION, Appellant, *v.* M. & S. CIRCUIT, INC., Respondent.

First Department, June 17, 1932.

*Joseph A. Seidman* of counsel [*Albert G. Seidman* with him on the brief], for the appellant.

*Bernard Fliashnick* of counsel, for the respondent.

MARTIN, J. On June 28, 1928, the plaintiff was the owner of a building located on Grand street, New York city. The Allen Theatre Corporation was the lessee of a portion of the premises and was in arrears in the payment of its rent. In consideration of the plaintiff permitting the Allen Theatre Corporation to sublet the premises and in payment of the said arrears, the Allen Theatre Corporation assigned to plaintiff its claim against the Dubuque Fire and Marine Insurance Company, arising out of a fire loss under a policy of fire insurance. This assignment, to the extent of $1,416.66, was reduced to writing and executed by the Allen Theatre Corporation, *the corporate seal affixed and its execution duly acknowledged by its secretary.*

Thereafter the Allen Theatre Corporation received a check from the Dubuque Fire and Marine Insurance Company for the sum of $1,600 in settlement of its claim under the policy. The plaintiff claims that instead of turning over to it the sum of $1,416.66 out of the sum so collected as provided by the assignment, Max Cohen, the officer of the Allen Theatre Corporation who had executed the

assignment, indorsed the check and it was deposited in the account of the defendant M. & S. Circuit, Inc., of which corporation Max Cohen was treasurer.

The defendant retained the proceeds of the check, although it was established by the appellant that defendant had prior knowledge of the assignment. No part of said sum of $1,416.66 has been paid to plaintiff by either the Allen Theatre Corporation or the defendant M. & S. Circuit, Inc., although payment thereof was duly demanded.

The trial court at the close of plaintiff's case dismissed the complaint, giving as a reason that the plaintiff failed to show any authority on the part of Max Cohen to execute the assignment and on the ground that agency could not be proved through the agent, Max Cohen.

In *Quackenboss* v. *Globe & Rutgers Fire Ins. Co.* (177 N. Y. 71) the Court of Appeals held that where the plaintiff proved, in an action brought upon a contract, that the contract was signed by the president and secretary of the corporation alleged to have made the contract, and that the seal of the corporation was affixed thereto, it was reversible error to exclude the contract when offered in evidence, *since it will be presumed that the officers of the corporation did not exceed their power, as the seal is prima facie proof that it was attached by the proper authority*, and it is for the party objecting to its execution to show that it was affixed surreptitiously or improperly. In its opinion the court said: " It is an ancient and well-established rule of law that where the seal of a corporation is affixed to a contract or written instrument, to which such corporation is a party, and it is signed by the president and secretary or other proper officers, it will be presumed that such officers did not exceed their powers, as the seal is *prima facie* proof that it was attached by proper authority, and it lies with the party objecting to its execution to show that it was affixed surreptitiously or improperly. * * *

" It is manifest that there was no sufficient proof overcoming the presumption arising from the execution of the contract in question to justify the court in excluding it. Whatever proof was given as to the regularity of the contract bore not upon its admissibility, but upon its effect when received. The court could not improperly exclude the plaintiff's most material and important evidence, indeed, that which was the very basis of his action, and then, because he had not made sufficient proof to sustain his complaint, hold that the erroneous ruling should be disregarded. Such a claim finds no justification in law. When the plaintiff was refused his legal right to have the contract admitted, he was not required,

nor would he be expected, to introduce other proof to establish his cause of action."

In *Imbrie* v. *Schlicht Combustion Process Co.* (130 App. Div. 675) this court held that where the claims of a corporation are assigned by a writing under seal, signed by the vice-president and attested by the secretary, it is *prima facie* evidence of the title in the assignee. A debtor sued by the assignee and defending solely upon the ground that the assignment was invalid, is not entitled to a dismissal of the complaint by merely showing that the written assignment was not affirmatively authorized by a resolution of the directors. (See, also, *Hastings* v. *Brooklyn Life Ins. Co.*, 138 N. Y. 473, and *Barkin Construction Co.* v. *Goodman*, 221 id. 156.)

The proof submitted at the trial of this action was sufficient to establish that the assignment was a valid assignment and the burden rested upon the defendant to show that it was not authorized.

The plaintiff also properly contends that the defendant, being a stranger to the assignment and having notice thereof, through its treasurer, Max Cohen, cannot question or attack the authority of the person making the assignment when it has received and accepted all the benefits accruing therefrom. In support of that contention the plaintiff relies on the case of *Castle* v. *Lewis* (78 N. Y. 131, 135), where the court said: " Aside from the consideration suggested, much less should the defendants be permitted to step in and defeat the very purpose in view between the contracting parties, viz., the security given for the money loaned. They are entire strangers to the transaction, and have had no connection with it. They cannot go back of the assignment, and thus collaterally impeach a transfer for a want of formalities imposed by statute for the benefit and protection of others. None but the corporation and its stockholders or creditors can impeach a transfer of property by the corporation for the want of the previous action of the board of directors; and then only by a direct action brought for that purpose. * * * It will thus be seen that even if a private creditor might contest the validity of the transfer, the defendants are not in a position to do so. Not only are they deprived of any such defense upon the grounds already adverted to, but they claim no interest in the property in their answer, and content themselves by a simple denial of the allegations in the complaint. (See *Smith* v. *Hall*, 67 N. Y. 48; *Savage* v. *Corn Ex. Ins. Co.*, 36 id. 655.) "

The defendant argues that to sustain an action for moneys had and received it was necessary for the plaintiff to plead and prove that the moneys alleged to have been received were the property of the plaintiff and that the defendant promised to return the

same, or that they were received for the plaintiff's use. The plaintiff did establish by the testimony of Max Cohen all of the facts necessary to sustain a cause of action. The defendant overlooks the fact that it was clearly competent to prove such facts by Max Cohen.

In *Brown* v. *Cone* (80 App. Div. 413) the court said: " The objection of the appellant to the testimony of the witness Bryan, who did the hiring, as to his authority from Mr. Van Praag, was not well taken. The unsworn declarations of an alleged agent are not admissible to establish his agency as against the alleged principal, but this rule does not exclude his testimony under oath as to the actual transactions between the parties tending to establish the relation of principal and agent."

In *Steuerwald* v. *Jackson* (123 App. Div. 569) the court held that because an agency as against the principal cannot be established by the declarations of an alleged agent, it does not follow that the agency cannot be proved by the testimony of the agent. At page 570 the court said: " It is true, as contended, that agency as against the principal cannot be established by the declarations of the alleged agent. But this rule often misleads to the contention that such agency cannot be proved by the testimony of the agent, which is not the rule. (*Brown* v. *Cone*, 80 App. Div. 414; 2 Greenl. Ev. [15th ed.] § 63.) The landlord called her husband as a witness, and he testified upon her examination that he was the agent of the premises and that he had been in charge of renting them for two years — a period covering the time when the alleged renewal was given."

In *Tiernan* v. *Havens* (162 App. Div. 656) the court said: " On this appeal the respondent furnishes us with a large number of authorities to show that agency can never be established by declarations of the supposed agent. We do not question this elementary rule, but it has application only to declarations of the supposed agent out of court, and does not apply to the material testimony of the supposed agent in court, on the witness stand."

In *Kelly* v. *Utica Fire Ins. Co.* (203 App. Div. 335) the court said: "Apparently the appellant has in mind the rule that the declarations of an agent cannot be proven to establish agency. But it is always proper to call the agent himself to prove his contract of employment or agency." (See, also, *Mullen* v. *Quinlan & Co.*, 195 N. Y. 109.)

The testimony submitted by plaintiff not only established agency but proved that Cohen, the secretary of the corporation, was acting for the corporation when he executed the assignment.

If the defendant intended to raise an issue as to Cohen's lack of authority, it should have pleaded that defense affirmatively.

The judgment dismissing the complaint should be reversed and a new trial ordered, with costs to the appellant to abide the event.

FINCH, P. J., and SHERMAN, J., concur; MERRELL and McAVOY, JJ., dissent and vote for affirmance.

MERRELL, J. (dissenting). The action was brought by plaintiff to recover $1,416.66 for moneys had and received. Plaintiff on June 28, 1928, was the owner of a building located on Grand street, New York city. The Allen Theatre Corporation was a lessee of a portion of the premises and had fallen in arrears in the payment of rent. In consideration of plaintiff permitting the Allen Theatre Corporation to sublet said premises, and in payment of said arrears, it is claimed by plaintiff that the Allen Theatre Corporation assigned to plaintiff its claim against the Dubuque Fire and Marine Insurance Company arising out of a fire loss under a policy issued by said insurance company to the extent of $1,416.66. The alleged assignment was in writing and purports to have been executed by the Allen Theatre Corporation and to bear the corporate seal of said corporation, and to have been signed and acknowledged by the corporation by its secretary, one Max Cohen. It is the contention of plaintiff that thereafter the Allen Theatre Corporation received a check from the Dubuque Fire and Marine Insurance Company for $1,600 in settlement of its claim under said policy, but that instead of turning over to plaintiff $1,416.66 of the sum so collected as provided in the alleged assignment, an officer of the Allen Theatre Corporation who executed said assignment, indorsed the check and it was deposited to the credit of the defendant, of which corporation the said Max Cohen was treasurer. The defendant retained the proceeds of said check and no part was paid to plaintiff by either the Allen Theatre Corporation or by defendant.

The sole question presented by this appeal was as to whether the alleged assignment of the Allen Theatre Corporation, which purported to have been executed by the secretary of said corporation, was duly executed. At the trial the defendant contended that the burden was upon the plaintiff to show that Max Cohen, who assumed to act as secretary for the Allen Theatre Corporation, had authority to execute the assignment to plaintiff. When plaintiff's Exhibit 1, the alleged assignment, was offered in evidence, it was received by the court, subject to connection, the court stating to plaintiff's trial counsel that it would be necessary for him to show that Cohen, the secretary, was authorized to execute said assignment. There was no evidence whatever given at the trial of any authority on the part of Cohen. At the close of the plaintiff's case defendant's trial counsel moved to dismiss the complaint on the ground that

plaintiff had failed to establish a claim against defendant, and that plaintiff had failed to show any authority on the part of Max Cohen to execute the assignment in question. Defendant's trial counsel also moved to strike out the assignment which had been marked in evidence and which was received subject to connection, and upon the ground that no proof had been given as to the authority of Cohen to execute the same. The court granted the motions of defendant and dismissed the complaint on which the judgment was entered. We think the court was entirely correct in so ruling.

The appellant in its brief and upon the argument asserted that the respondent retained the proceeds of the check paid by the insurance company, notwithstanding it had prior knowledge of the assignment. The record contains no proof whatever of any prior knowledge on the part of the defendant of such assignment. Plaintiff offered no proof whatever with respect to knowledge of the assignment on the part of the respondent. In the brief of the appellant the statement is made that the respondent's liability arose from the collection of the check *with notice of the prior assignment.* The record discloses no proof of any notice to defendant of the prior assignment to plaintiff. The allegation of knowledge of prior assignment is set forth in the complaint and is specifically denied by the answer. The appellant, to sustain an action for moneys had and received, was required to allege and prove that the moneys alleged to have been received were the property of appellant, and that the defendant, respondent, promised to return the same, or that it was received for the appellant's use. (*Sharp* v. *Rose*, 20 N. Y. Supp. 826; affd., 139 N. Y. 652.) It is the contention of appellant that the burden was upon defendant, respondent, to plead an absence of authority on the part of Cohen, the secretary, affirmatively. We do not think such is the rule, but, on the contrary, that the burden was upon plaintiff to show authority in Cohen to execute the instrument in question. The case of *Karsch* v. *Pottier & Stymus Mfg., etc., Co.* (82 App. Div. 230) holds, in substance, that in an action against a corporation on a note indorsed by its secretary proof of the secretary's authority must be offered before the note is admissible in evidence, and that the defense of *ultra vires* only becomes an affirmative defense after a *prima facie* case has been established. In *Hess* v. *Sloane* (66 App. Div. 522) the court held that the defense of *ultra vires* pertaining to the permissibility of a corporation to contract, to be available, must be pleaded, and in discussing the question of authority is silent with regard to the fact that where the authority of an officer of a corporation to commit an act is questioned, that must be set up affirmatively.

It is quite apparent that Max Cohen, in executing the assignment in question, as secretary of the assignor, was not acting within the apparent scope of his authority. Ordinarily it is no part of the duty of a secretary to execute contracts in behalf of his corporation. The appellant contends that the instrument being executed under seal, the presumption arose that it was the act of the corporation, and that the presence of the corporate seal established a *prima facie* case. The law is well settled that the power of a corporate officer may not be increased by the mere using of a corporate seal. In 10 Cyc. 1009 the following statement is made: " But if no power exists on the part of an officer of a corporation to make a contract which he assumes to make for it, the contract cannot be vitalized, that is to say, this wanting power cannot be created and put into the contract, by the mere fact that in executing the instrument which is evidence of it the officer used the corporate seal." Several cases are cited by appellant in support of its contention that the execution of the assignment in question was regular and sufficient, but none of the cases cited by appellant in support of that proposition is available for the reason that under all of the cases cited the instrument was executed not only by the secretary but by the president of the corporation. In *Parmelee* v. *Associated Physicians & Surgeons* (9 Misc. 458) the court stated: " But if the officer, with a liability for whose act the corporation is sought to be charged, is one to whose office there is attached no inherent executive authority, then, and in that event, the third person dealing with the officer in an executive capacity is chargeable with notice of an apparent want of authority and so deals with the latter at his peril; and in such a case, if the officer's authority to make the contract is disputed, it is incumbent upon such third person to establish the authority by proper evidence; \* \* \* but in *Jemison* v. *Bank*, 122 N. Y. 135, the court say that a party dealing with an agent of a corporation is chargeable with knowledge of the extent of such agent's powers. In *Wilson* v. *Kings Co. R. Co.*, 114 N. Y. 492, it was held that the burden is upon the party claiming under a contract with a corporation, when made through an agent, to prove the authority of the person so assuming to act as agent \* \* \*."

In *Jacobus* v. *Jamestown Mantel Co.* (211 N. Y. 154) Judge CHASE, writing, said (at p. 161): " A treasurer of a manufacturing corporation has no power to make promissory notes in its name unless such power is expressly given to such officer by the by-laws of the corporation or by resolution of its board of directors. (Thompson on Corporations [2d ed.], sec. 1564; Daniel on Negotiable Instruments [5th ed.], vol. 1, sec. 394; Edwards on

Bills, sec. 65; Beach on Private Corporations [2d ed.], vol. 2, sec. 804; *McCullough* v. *Moss*, 5 Denio, 567; *National Bank of Newport* v. *Snyder Mfg. Co.*, 107 App. Div. 95; *Niagara Falls Susp. Bridge Co.* v. *Bachman*, 66 N. Y. 261; *Dabney* v. *Stevens*, 40 How. Pr. 341; *Marine Bank* v. *Clements*, 3 Bosw. 600; *National Bank of the Republic* v. *Navassa Phosphate Co.*, 56 Hun, 136; *People's Bank* v. *St. Anthony's R. C. Church*, 109 N. Y. 512.) No presumption existed that the defendant's treasurer had power to make or indorse business paper. It was necessary, therefore, for the plaintiff to show that the treasurer had authority to execute promissory notes in the name of the corporation in the ordinary course of its business, or that the defendant was estopped from denying such authority."

In the case of *Traitel Marble Co.* v. *Brown Brothers, Inc.* (159 App. Div. 485), Justice HOTCHKISS, speaking for the court, stated: " It is also the general rule that an officer of a corporation is *prima facie* presumed to have only such authority as is usually incident to his particular office; the treasurer to act with respect of the finances, the secretary to keep the records, etc. In 10 Cyc. 940, these rules are well stated and ample authority cited in their support." We think under the law as enunciated by the Court of Appeals in *Jacobus* v. *Jamestown Mantel Co.* (*supra*) there can be no question that it was necessary for the plaintiff to show that Max Cohen, assuming to execute the assignment in question as secretary of the assignor, was authorized to execute the instrument. There was no proof whatever of authority on the part of Cohen to execute said instrument, and, therefore, plaintiff failed to establish any cause of action against the defendant.

The judgment appealed from should be affirmed, with costs to defendant, respondent, against plaintiff, appellant.

McAVOY, J., concurs.

Judgment reversed and a new trial ordered, with costs to the appellant to abide the event.