■ In the Matter of FEDERAL INSURANCE COMPANY, Appellant, v MARK A. REINER, Respondent, and AMERICAN TRANSIT INSURANCE COMPANY et al., Respondents. [610 NYS2d 284] —In a proceeding pursuant to CPLR article 75 to stay arbitration of an underinsured motorist claim, the petitioner Federal Insurance Company appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Groh, J.), dated December 23, 1991, as granted the motion of the respondents-respondents American Transit Insurance Company and Modeh Cab Corporation for summary judgment limiting the liability of American Transit Insurance Company to $30,000, vacated a stay of arbitration, and directed it to proceed to arbitration with the respondent Mark A. Reiner.

Ordered that the order is affirmed insofar as appealed from, with costs to the respondents-respondents.

The respondents-respondents clearly satisfied their initial burden of making a prima facie showing of their entitlement to judgment as a matter of law. They submitted the deposition testimony of an agent of Modeh Cab Corporation, in which he clearly stated that, at his direction, American Transit Insurance Co. reduced its liability coverage to Modeh Cab Corporation to $30,000, and that the policy and coverage limit was in effect at the time of the underlying automobile accident. Contrary to the petitioner's assertion, an agency relationship could be proven by testimony of the agent (see, Steuerwald v Jackson, 123 App Div 569) which was sufficient to show that the liability of American Transit Insurance Co. in this case should be limited to $30,000.

Furthermore, insofar as the policy reduction was effectuated at the behest of the insured, Modeh Cab Corporation, there was no reason for American Transit Insurance Company, the insurer, to show compliance with the provisions of Insurance Law § 3426, as the petitioner contends. We find that the petitioner submitted no factual proof supporting its claim that the liability of American Transit Insurance Co. in this case should be enlarged beyond the coverage amount of $30,000 in effect at the time of the accident. Bracken, J. P., O'Brien, Pizzuto and Altman, JJ., concur.